David T. Blake, Esq.
Nevada Bar No. 11059
Wolfe & Wyman LLP
6757 Spencer Street
Las Vegas, NV 89119
Tel: (702) 476-0100
Fax: (949) 475-9203
*dtblake@ww.law*

Attorneys for Defendant PNC Bank

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Coleman Family Revocable Living Trust, by and through Trustees Sahar Lewis and Pluyd Coleman,<br><br>Plaintiffs,<br>v.<br><br>PNC Bank, N.A., Matrix Trust Company, Clear Recon Corp., Stefanie Armijo, Does 1 through 20,<br><br>Defendants. | CASE NO.: 2:25-cv-00791<br><br>**PNC Bank's Objection to Temporary Restraining Order Preventing Foreclosure** |

PNC Bank, N.A. ("PNC Bank") by and through its counsel of record, Wolfe & Wyman LLP hereby objects to the Court entering any temporary restraining order or granting any other relief that would enjoin foreclosure, as set forth below.

**A. Plaintiff's sovereign citizen complaint and related filings do not and cannot satisfy the rigorous standard for issuance of a TRO.**

Plaintiffs in foreclosure defense lawsuits often seek temporary restraining orders on the eve of a scheduled foreclosure sale. Plaintiff sought such relief from the state court judge and may seek such relief from this Court. PNC Bank respectfully requests that the Court deny and such requested relief on the bases articulated below.

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary

restraining orders, and requires that a motion for temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001). Furthermore, a temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974). An injunction is "a drastic and extraordinary remedy, which should not be granted as a matter of course." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 130 S.Ct. 2743, 2761, 177 L.Ed.2d 461 (2010). Plaintiffs have the burden to show that injunctive relief is appropriate. *See Granny Goose Foods*, 415 U.S. at 442–43 (1974). Because they are extraordinary remedies, a plaintiff seeking a TRO or preliminary injunction must overcome a significant evidentiary and persuasion burden. *Stein v. Dowling*, 867 F. Supp. 2d 1087, 1095 (S.D. Cal. 2012) In order to obtain such relief, the plaintiff "must make a 'threshold showing' of four factors." *E. Bay Sanctuary Covenant v. Barr*, 964 F.3d 832, 844 (9th Cir. 2020). The plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. N.R.D.C.*, 555 U.S. 7, 20 129 S.Ct. 365 (2008). The elements are conjunctive, meaning the party seeking the TRO or injunction must satisfy each element. *See Bayview Loan Servicing, LLC v. Romewright Properties, LLC*, No. 218CV00305, 2018 WL 6566543, at *2 (D. Nev. Oct. 26, 2018).

5226717.1

Plaintiff has requested a temporary restraining order in state court and PNC Bank anticipates that Plaintiff may seek similar ex parte relief in this action. A foreclosure sale is currently scheduled for May 9, 2025, and has been pending for several weeks. Plaintiff filed his Complaint weeks ago, and the property has been subject to foreclosure proceedings for months. The bare allegations in the Complaint and in any motion for injunctive relief fall far short of meeting the high burden required to enjoin the foreclosure sale.

Additionally, Plaintiff's Complaint and related filings appear to have the hallmarks of a Complaint based upon the "sovereign citizen" theory that the federal courts around the country have uniformly rejected. *Vachon v. Reverse Mortgage Solutions, Inc.,* 2017 WL 6628103, at *6 (C.D.Cal. August 11, 2017) (theories tied to the sovereign citizen movement seeking to avoid debt repayment have been unsuccessful and dismissed as patently frivolous by courts across the country); *Caetano v. Internal Revenue* Service, 2023 WL 3319158, at *3-4 (E.D.Cal. May 8, 2023) (noting that the plaintiff's claim was rooted in the sovereign citizen ideology and claims that individuals can "free" themselves by filing one or more Uniform Commercial Code financial statements naming themselves as both the secured party and the debtor; such theories are legally frivolous that have been widely rejected by the federal courts); *Vazquez v. Cal. Hwy. Patrol*, 2016 WL 232332, at *2-3, (E.D.Cal. Jan. 19, 2016) (finding plaintiff's sovereign citizen theory to be clearly frivolous, warranting dismissal of his section 1983 complaint without leave to amend); *United States v. Alexio*, 2015 WL 4069160, at *2-4 (D. Haw July 2, 2015) (noting that the courts have flatly rejected the sovereign citizen theories as "frivolous, irrational [and] unintelligible").

In *Williams v. United States Small Business Administration*, the court aptly noted: "To put it bluntly, Plaintiff's Complaint is unintelligible. Plaintiff's claims rely on various strange, legally unsound arguments based on commercial codes, citizenship (or the purported lack thereof), and corporate statuses to conclude that he should be

3

allowed to not just rescind his loan and have his debt cancelled, but also receive $2 million in unexplainable damages. These arguments are highly similar to those made by sovereign citizens, which courts have uniformly rejected." *Williams*, 2024 WL 5247154, at *2 (C.D.Cal. Dec. 30, 2024).

A last-minute delay of the foreclosure sale is unwarranted. Plaintiff's eleventh-hour lawsuit provides no basis for the issuance of a temporary restraining order. To the extent Plaintiff seeks such relief, PNC Bank respectfully requests that the Court deny the request.

DATED:  May 8, 2025                                             WOLFE & WYMAN LLP


By:  /s/ DAVID T. BLAKE
     DAVID T. BLAKE, ESQ.
     Nevada Bar No. 11059

5226717.1

**CERTIFICATE OF ELECTRONIC SERVICE**

On May 8, 2025, I served the foregoing **PNC Bank's Objection to Temporary Restraining Order Preventing Foreclosure** by the following means to the persons as listed below:

☒    a.    **CM/EFC System**, electronic filing system of the United States District Court of Nevada.

WOLFE & WYMAN LLP

By: /s/ DAVID T. BLAKE
DAVID T. BLAKE, ESQ.
Nevada Bar No. 11059

5

5226717.1