David T. Blake, Esq.
Nevada Bar No. 11059
Wolfe & Wyman LLP
6757 Spencer Street
Las Vegas, NV 89119
Tel: (702) 476-0100
Fax: (949) 475-9203
*dtblake@ww.law*

Attorneys for Defendant PNC Bank

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Coleman Family Revocable Living Trust, by and through Trustees Sahar Lewis and Pluyd Coleman,<br><br>Plaintiff,<br>v.<br><br>PNC Bank, N.A., Matrix Trust Company, Clear Recon Corp., Stefanie Armijo, Does 1 through 20,<br><br>Defendants. | CASE NO.: 2:25-cv-00791<br><br>**PNC Bank's Response to Plaintiff's Emergency Motion to Void Trustee Sale, Issue Temporary Restraining Order, and Enjoin Transfer of Title or Possession** |

PNC Bank, N.A. ("PNC Bank") by and through its counsel of record, Wolfe & Wyman LLP hereby responds to Plaintiff Coleman Family Revocable Living Trust's Emergency Motion to Void Trustee Sale, Issue Temporary Restraining Order, and Enjoin Transfer of Title or Possession (the "Motion")[1], as set forth below.

**I.    Introduction**

Plaintiff Coleman Family Revocable Living Trust ("Plaintiff"), through its purported Trustees Sahar Lewis and Pluyd Coleman, seeks extraordinary relief from this Court: to void a nonjudicial foreclosure sale that occurred on May 9, 2025, and to enjoin any further transfer of title

---

[1] Plaintiff filed the identical motion via three separate docket entries, ECF Nos. 10, 11, and 12). This Response responds to all three entries.

5234224.2

or possession of the Property Located at 3139 Belvedere Drive in Henderson, Nevada 89014, APN 178-06-711-024 (the "Property"). Plaintiff's request is not supported by facts, law, or evidence. Plaintiff offers no affidavit, no admissible exhibits, and no credible legal theory to justify the drastic remedy it seeks. Instead, its claims are rooted in legally discredited "sovereign citizen" ideology and conclusory assertions that the debt was somehow nullified by a "negotiable instrument" and other hollow legal conclusions. Moreover, the action cannot proceed at all because Plaintiff and its purported trustees—who are not licensed attorneys—are attempting to represent a trust in federal court, a practice uniformly prohibited under both Nevada and federal law. Plaintiff has failed to satisfy the standard for injunctive relief, and its Complaint is legally defective on multiple independent grounds. For these reasons, the Court should deny its motion and dismiss the action.

## II.     Statement of Facts

### A.     Judicially Noticeable Matters

A court may take judicial notice of matters of public record pursuant to Federal Rules of Evidence, Rule 201, when deciding a motion to dismiss for failure to state a claim. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012). Here, the documents recorded in the Clark County Recorder's Office are judicially noticeable and show the following facts:

On or about December 21, 2020, a Grant, Bargain, Sale Deed was recorded, reflecting that Sahar Lewis acquired title to the Property. *See* Exhibit 1, attached hereto.

On or about December 14, 2021, a Deed of Trust was recorded, encumbering the Subject Property. The Deed of Trust secured a loan in the original principal amount of $270,000.00 made by North American Financial Corp. (as lender) to Sahar Lewis (as borrower). Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for the lender and its successors and assigns, was identified as the beneficiary under the Deed of Trust. *See* Deed of Trust, attached hereto as Exhibit 2.

On or about June 14, 2024, an Assignment of Deed of Trust was recorded, transferring all rights, title, and interest in the Deed of Trust from MERS, as nominee for North American Financial Corp., to PNC Bank, National Association. *See* Exhibit 3, attached hereto.

On or about April 3, 2025, a Corporate Assignment of Deed of Trust was recorded, reflecting that the beneficial interest under the Deed of Trust was assigned from PNC Bank, National

1 Association to Federal Home Loan Mortgage Corporation. *See* Exhibit 4, attached hereto.

2 On or about May 7, 2024, a Quitclaim Deed was recorded, reflecting that Sahar Lewis transferred the Subject Property to herself and Pluyd Coleman Jr. as trustees of the Coleman Family Revocable Living Trust, dated September 17, 2023. *See* Exhibit 5, attached hereto.

On or about December 2, 2024, a Notice of Default and Election to Sell Under Deed of Trust was recorded. The Notice states that a default occurred based on nonpayment of the installment due on April 1, 2024, and all subsequent payments. Clear Recon Corp. was identified as the trustee, and PNC Bank, National Association was named as the beneficiary at the time of recording. *See* Exhibit 6, attached hereto.

On or about May 9, 2025, a foreclosure trustee's sale was conducted by Clear Recon Corp., as trustee under the Deed of Trust. At the sale, the Subject Property was sold to the highest bidder for the amount of $280,000.00.

### B.     Plaintiff's Allegations

Plaintiff is challenging the validity of the Subject Loan. In its verified complaint, Plaintiff—purporting to act through the trustees of the Coleman Family Revocable Living Trust—seeks to unwind or enjoin a nonjudicial foreclosure sale that occurred following its default on a residential mortgage loan secured by the Subject Property. The Complaint is attached hereto as Exhibit 7. Plaintiff alleges that it acquired title to the property through a trust transfer and attempted to tender a "negotiable instrument," which it asserts was dishonored by PNC Bank. Ex. 7 ¶¶ 13-15. Based on this and related allegations, Plaintiff contends that the loan was discharged by operation of law. *Id.* ¶¶ 15-21.

Relying on these premises, Plaintiff asserts nine causes of action, each of which contain only one sentence apart from the first, which contains three: wrongful foreclosure; breach of contract; violations of RESPA; securities fraud and misrepresentation; quiet title; injunctive relief; declaratory relief; emergency relief (TRO and Preliminary Injunction); and slander of title. Although Plaintiff lists out these causes of action, it does not provide any basis for alleging these allegations beyond the most conclusory of statements. *See* Ex. 7 ¶¶ 22-32.

As argued below, Plaintiff's request to void the May 9, 2025, Trustee Sale (the "Trustee

5234224.2

Sale") and enjoin any future foreclosure proceedings is not supported and falls well short of the standard necessary to obtain preliminary relief from this Court.

### III. Legal Standard

Plaintiff seeks to void the Trustee Sale and enjoin future foreclosure activity. *See* ECF No. 10 at 1 (paragraphs 1-3). Plaintiff has attached no exhibits to its Motion and its Motion and complaint consist primarily of legal conclusions or conclusory statements without explanation or detail. FRCP 65 governs preliminary injunctions and temporary restraining orders, and requires that a motion for temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." FRCP 65(b).

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001). Furthermore, a temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974). An injunction is "a drastic and extraordinary remedy, which should not be granted as a matter of course." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 130 S.Ct. 2743, 2761, 177 L.Ed.2d 461 (2010). Plaintiff has the burden to show that injunctive relief is appropriate. *See Granny Goose Foods*, 415 U.S. at 442–43. Because they are extraordinary remedies, a plaintiff seeking a TRO or preliminary injunction must overcome a significant evidentiary and persuasion burden. *Stein v. Dowling*, 867 F. Supp. 2d 1087, 1095 (S.D. Cal. 2012) In order to obtain such relief, the plaintiff "must make a 'threshold showing' of four factors." *E. Bay Sanctuary Covenant v. Barr*, 964 F.3d 832, 844 (9th Cir. 2020). The plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. N.R.D.C.*, 555 U.S. 7, 20 129 S.Ct. 365 (2008). The

5234224.2

1  elements are conjunctive, meaning the party seeking the TRO or injunction must satisfy each
2  element. *See Bayview Loan Servicing, LLC v. Romewright Properties, LLC*, No. 218CV00305, 2018
3  WL 6566543, at *2 (D. Nev. Oct. 26, 2018).
4      As argued below, Plaintiff's thread-bare, unsupported, and conclusory allegations cannot
5  support the high burden required for a plaintiff to obtain these prejudgment remedies.

## IV.  **Argument**

PNC Bank opposes Plaintiff's request for emergency relief on multiple, independent grounds. The Court should deny Plaintiff's request to void the foreclosure sale because it has not demonstrated any legal defect in the sale and has failed to meet the standard for injunctive relief. The action cannot proceed in its current form because Plaintiff is not permitted to be represented by non-lawyer trustees in court. Finally, the claims asserted in the Complaint and related filings are grounded in sovereign citizen ideology and legally frivolous theories that have been uniformly rejected by courts nationwide. Each of these defects independently warrants denial of the motion and dismissal of the action.

### A.  The Court should reject Plaintiff's request to void the Trustee Sale.

Plaintiff's motion to void the trustee's sale is legally and factually deficient and should be denied. The Trustee Sale conducted on May 9, 2025, was carried out pursuant to the recorded Deed of Trust following Plaintiff's admitted default. Plaintiff's claims—premised on conclusory assertions that the debt was "discharged" through an alleged negotiable instrument and that a pending lawsuit automatically barred foreclosure—are insufficient to unwind a properly conducted nonjudicial foreclosure under Nevada law.

First, Plaintiff fails to identify (much less demonstrate a likelihood of proving) any legal defect in the foreclosure process itself. It does not contend that the statutorily required notices were deficient or untimely, that the trustee lacked authority, or that the beneficiary was not entitled to enforce the note. Instead, it relies on a legally unsupported theory that its submission of an unspecified "negotiable instrument" somehow discharged the debt, and that the subsequent foreclosure sale was therefore void. Courts routinely reject this "tender by private instrument" argument, which has no basis in law and does not satisfy a borrower's obligation under a promissory

5234224.2

note or Nevada foreclosure statutes. Plaintiff further contends that the Trustee Sale is void ab initio solely because it occurred while this litigation was pending. However, it cites no legal authority to support that assertion, and PNC Bank is unaware of any. As explained above, merely initiating a lawsuit does not entitle a party to preliminary relief; Plaintiff must satisfy the well-established standard for obtaining such remedies from this Court.

Second, the pendency of Plaintiff's lawsuit and recording of a lis pendens did not render the trustee's sale void or improper. Under Nevada law, a lis pendens merely serves to notify third parties of pending litigation that may affect title; it does not create an automatic injunction or prevent foreclosure by operation of law. *See Twinrock Holdings, LLC v. CitiMortgage, Inc.*, 222CV00143JADVCF, 2023 WL 1071794, at *3 (D. Nev. Jan. 26, 2023) ("As the Nevada Supreme Court has expressed, "[t]he doctrine of lis pendens provides constructive notice to the world that a dispute involving real property is ongoing.") (citing *Weddell v. H2O, Inc.*, 271 P.3d 743, 751 (Nev. 2012). Thus, a lis pendens does not provide a basis to set aside a valid foreclosure sale.

Third, Plaintiff's attempt to invoke equity is unavailing. It has not alleged any tender of the full amount due under the loan or demonstrated any procedural irregularity in the conduct of the sale. Courts in equity will not intervene to void a foreclosure absent a showing of fraud, gross inadequacy of price, or a failure to comply with required procedures—none of which Plaintiff have shown. See *Golden v. Tomiyasu*, 79 Nev. 503, 514–15 (1963); *Nationstar Mortgage, LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev. 740, 750 (2017).

Fourth, Plaintiff's request to void the foreclosure sale is, in substance, a request for a prejudgment remedy in the nature of a mandatory injunction. Such relief is governed by the standard for preliminary injunctive relief under FRCP 65 and is not available absent a clear showing on each of the required elements. Here, Plaintiff has made no effort to satisfy that standard. Its motion is not supported by any admissible evidence, contains no affidavit or verified showing of irreparable harm beyond speculative assertions, and fails to address—or even acknowledge—the *Winter* factors noted above. Instead, Plaintiff presumes that the mere pendency of litigation or the recitation of a lis pendens entitles it to unwind a completed foreclosure sale. That is not the law. Absent a meaningful showing under the governing standard for injunctive relief, the Court has no basis to issue the

5234224.2

extraordinary and disruptive relief Plaintiff seeks.

Because Plaintiff failed to enjoin the sale before it occurred, failed to establish any statutory or equitable basis for unwinding the sale after the fact, and failed to allege any legitimate defect in the foreclosure process, its request to void the sale should be denied.

**B. Plaintiff's Trustees, Sahar Lewis and Pluyd Coleman, cannot represent the Coleman Family Revocable Living Trust in this action because they are not licensed attorneys, and Nevada law strictly prohibits such representation by non-lawyers.**

Although individuals generally have the right to represent themselves in court, that right is personal and does not extend to representation of a separate legal entity such as a trust. A trust is not a natural person—it is a legal entity that must appear in court through licensed counsel. Both Nevada and federal courts have consistently held that a non-lawyer trustee may not represent a trust in judicial proceedings. In *Guerin v. Guerin*, the Nevada Supreme Court made clear that "[a] proper person is not permitted to represent an entity such as a trust; rather, a trust must be represented by a licensed attorney in the state courts." The court emphasized that "[a]lthough an individual is entitled to represent himself or herself in the district court, no rule or statute permits a non-attorney to represent any other person, a company, a trust, or any other entity in the district courts or in the Supreme Court."

This prohibition is echoed in *Salman v. Newell*, 110 Nev. 1333, 1335 (1994), where the Nevada Supreme Court held that a non-attorney trustee of a trust could not appear pro se on behalf of the trust, reaffirming that trusts must be represented by licensed legal counsel. The same principle has been applied in federal courts within the Ninth Circuit. In *Hale Joy Trust v. Commissioner*, 57 Fed. Appx. 323 (9th Cir. 2003), the court held that a non-lawyer trustee could not represent a trust pro se in appellate proceedings. These rulings reflect a consistent rule across jurisdictions that trusts may not be represented by individuals who are not licensed attorneys.

This prohibition is not merely procedural—it is codified in Nevada law. Nevada Revised Statutes § 7.285 makes it unlawful for any person who is not an active member of the State Bar of Nevada or otherwise authorized under Supreme Court rules to practice law. Likewise, Supreme Court Rule 77 bars anyone from practicing law in the courts of Nevada unless they are a licensed

5234224.2

attorney or qualify under narrow exceptions not applicable here.

The trustees' attempt to represent the trust in this litigation is therefore unauthorized and improper. Because the trust is not appearing through licensed counsel, it is not properly before the Court, and any filings or appearances made on its behalf by the trustees must be disregarded or stricken. The trustees may not prosecute or defend claims on behalf of the trust without engaging licensed legal representation. Accordingly, the Court should take appropriate action to enforce this threshold legal requirement.

**C.   The "Sovereign Citizen" ideology in Plaintiff's Complaint and Motions cannot withstand judicial scrutiny.**

Plaintiff's Complaint and related filings appear to have the hallmarks of a Complaint based upon the "sovereign citizen" theory that the federal courts around the country have uniformly rejected. *Vachon v. Reverse Mortgage Solutions, Inc.,* 2017 WL 6628103, at *6 (C.D. Cal. August 11, 2017) (theories tied to the sovereign citizen movement seeking to avoid debt repayment have been unsuccessful and dismissed as patently frivolous by courts across the country); *Caetano v. Internal Revenue* Service, 2023 WL 3319158, at *3-4 (E.D. Cal. May 8, 2023) (noting that the plaintiff's claim was rooted in the sovereign citizen ideology and claims that individuals can "free" themselves by filing one or more Uniform Commercial Code financial statements naming themselves as both the secured party and the debtor; such theories are legally frivolous that have been widely rejected by the federal courts); *Vazquez v. Cal. Hwy. Patrol*, 2016 WL 232332, at *2-3, (E.D. Cal. Jan. 19, 2016) (finding the plaintiff's sovereign citizen theory to be clearly frivolous, warranting dismissal of his section 1983 complaint without leave to amend); *United States v. Alexio*, 2015 WL 4069160, at *2-4 (D. Haw July 2, 2015) (noting that the courts have flatly rejected the sovereign citizen theories as "frivolous, irrational [and] unintelligible").

In *Williams v. United States Small Business Administration*, the court aptly noted: "To put it bluntly, Plaintiff's Complaint is unintelligible. Plaintiff's claims rely on various strange, legally unsound arguments based on commercial codes, citizenship (or the purported lack thereof), and corporate statuses to conclude that he should be allowed to not just rescind his loan and have his debt cancelled, but also receive $2 million in unexplainable damages. These arguments are highly similar

5234224.2

to those made by sovereign citizens, which courts have uniformly rejected." 2024 WL 5247154, at *2 (C.D. Cal. Dec. 30, 2024).

Plaintiff's motion to void the foreclosure sale and enjoin further transfer of title relies on the same type of discredited sovereign citizen arguments. The motion is premised on conclusory and legally baseless assertions that the mortgage loan was "discharged" through the tender of a negotiable instrument, that PNC Bank somehow forfeited its rights by failing to "validate" the debt, and that the trustee's sale was void simply because Plaintiff recorded a lis pendens. These are not valid legal theories. The notion that one can eliminate a valid mortgage obligation through unilateral acts or paperwork filed under the Uniform Commercial Code has been repeatedly rejected as frivolous. Likewise, there is no authority supporting Plaintiff's claim that recording a lis pendens alone prohibits foreclosure. Plaintiff offers no credible legal or factual basis for the extraordinary relief they seek, and its filings reflect the same incoherent and meritless ideology that courts across the country have flatly refused to entertain.

## V. Conclusion

For the foregoing reasons, Plaintiff's motion to void the trustee's sale and to enjoin future foreclosure-related activity should be denied. Plaintiff has not come close to meeting its burden for preliminary injunctive relief under Rule 65. It has provided no competent evidence, no factual basis for the relief sought, and no legal theory recognized by this Court. In addition, because the trust is not properly represented by licensed counsel, the Complaint is jurisdictionally improper and must be dismissed. Finally, the substance of Plaintiff's allegations reflects discredited sovereign citizen ideology that federal courts have uniformly rejected. The Court should deny Plaintiff's motion in its entirety and dismiss the action for failure to state a claim and lack of proper representation.

DATED:  May 13, 2025                              WOLFE & WYMAN LLP

                                                  By:  /s/ DAVID T. BLAKE
                                                       DAVID T. BLAKE, ESQ.
                                                       Nevada Bar No. 11059

5234224.2

**CERTIFICATE OF ELECTRONIC SERVICE**

On May 13, 2025, I served the foregoing **PNC Bank's Response to Plaintiff's Emergency Motion to Void Trustee Sale, Issue Temporary Restraining Order, and Enjoin Transfer of Title or Possession** by the following means to the persons as listed below:

☒   a.   **CM/EFC System**, electronic filing system of the United States District Court of Nevada.

WOLFE & WYMAN LLP


By:   /s/ Doris Ligat
       Doris Ligat
       An Employee of Wolfe & Wyman LLP

5234224.2