MOTION TO COMPEL SECURITIZATION DISCLOSURE AND FORENSIC ACCOUNTING REPORTS

Plaintiff: Pluyd Coleman and Sahar Lewis, Trustees, Coleman Family Revocable Living Trust
Defendant: PNC Bank, N.A., et al.
DISTRICT COURT OF NEVADA
DISTRICT COURT
Judge Anne R Traum
Case No.: 2:25-cv-00791-ART-DJA



## MOTION TO COMPEL DISCLOSURE AND PRODUCTION OF SECURITIZATION DOCUMENTS AND FORENSIC ACCOUNTING RECORDS

Plaintiffs, Pluyd Coleman and Sahar Lewis, Trustees of the Coleman Family Revocable Living Trust, respectfully file this **Motion to Compel Disclosure and Production of Documents**, and request that the Court order the **Defendants, PNC Bank, N.A.**, and its agents to produce the following documents and expert testimony pursuant to Rule 26 and Rule 34 of the Federal Rules of Civil Procedure:

### I. REQUESTED DOCUMENTS:

1. **Full Securitization Documents**:
   - Name of the mortgage-backed securities trust, if applicable.
   - CUSIP Number and relevant Pooling & Servicing Agreement (PSA).
   - Complete chain of title and assignment of the promissory note.
   - Bloomberg Terminal report or equivalent documentation confirming the placement of the note into the securitization trust, and any evidence of its transfer.
2. **Forensic Accounting Reports**:
   - Complete records of all payments received, applied, or credited to the loan.
   - Accounting entries from PNC Bank and related parties for any advances, fees, or charges imposed during servicing of the loan.
   - Documentation reflecting the loan's status as an asset, including any federal funds received related to the loan or trust.
   - Internal ledger reports and transactions reflecting all parties involved in servicing, owning, or holding the debt.

### II. REQUEST FOR IMMEDIATE DISCLOSURE WITH EXPERT ANALYST:

Plaintiffs respectfully request that **PNC Bank, N.A.** provide both the **Bloomberg Terminal report** and a **qualified expert analyst** to interpret the report, at **PNC's expense**, within **24 hours** from the Court's order. Given that PNC is a large financial institution with substantial resources, it is reasonable to expect them to comply with this request in a timely manner.

The **expert analyst** must be able to explain the findings from the Bloomberg Terminal report in a clear and comprehensible manner to the Court, as the interpretation of such reports requires specialized knowledge. This report and expert testimony are vital to determining the true party in interest for the loan and are necessary to prevent the wrongful foreclosure sale of the property located at **3139 Belvedere Dr, Henderson, NV 89014**, which occurred on **May 9, 2025**.

This request is made in light of the urgency of the situation, as the unlawful foreclosure sale is a trespass against the **Coleman Family Revocable Living Trust**, and immediate relief is necessary to avoid irreparable harm.

## III. REQUEST FOR COSTS AND REIMBURSEMENT:

Plaintiffs further request that **PNC Bank, N.A.** bear the full **costs** associated with obtaining the **Bloomberg Terminal report** and providing the **expert analyst** to interpret the findings of the report. These costs have been necessitated by PNC's failure to produce the requested documents earlier, which has placed an undue burden on the Plaintiffs to obtain this crucial evidence for the resolution of this matter.

## IV. ARGUMENT

Plaintiffs assert that **PNC Bank, N.A.** lacks standing to foreclose on the subject property because it has failed to demonstrate ownership or a valid security interest in the promissory note. The note and deed of trust have separated, and **PNC is not the holder of the note**. The requested documents are critical to establish the true holder of the loan and to ensure that the foreclosure sale was not unlawfully carried out by an unauthorized party.

Despite multiple requests for disclosure and production, **PNC Bank, N.A.** has failed to comply, violating due process and equity principles. The requested documents, including the **Bloomberg report** and the forensic accounting records, are necessary to defend against this wrongful foreclosure action and to ensure that only the legitimate party with standing can proceed with foreclosure.

## V. PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request that this Court:

1. **Compel PNC Bank, N.A.** to produce the requested **securitization documents** and **forensic accounting reports** within **24 hours** from the date of the Court's order.

2. **Compel PNC Bank, N.A.** to provide a **qualified expert analyst** to interpret the **Bloomberg Terminal report** and explain its contents in a manner that is understandable to the Court, at **PNC's expense**, within **24 hours** from the date of the Court's order.

3. **Order PNC Bank, N.A.** to bear the costs associated with the **Bloomberg Terminal report** and the **expert analyst's fees**.

4. Grant any other relief that the Court deems appropriate to ensure full compliance with discovery rules and equitable principles.

Respectfully submitted,
Pluyd Coleman
Sahar Lewis
Trustees, Coleman Family Revocable Living Trust
Date: 5/14/25

By: [signature] ucc 1-308

By: Sahar-Amanda:Lewis [signature] ucc 1-308

## PROPOSED ORDER GRANTING MOTION TO COMPEL DISCLOSURE AND PRODUCTION OF SECURITIZATION DOCUMENTS AND FORENSIC ACCOUNTING REPORTS

Upon consideration of Plaintiff's Motion to Compel Disclosure and Production of Securitization Documents and Forensic Accounting Reports, and good cause appearing therefor, it is hereby ORDERED that:

1. **Defendants, PNC Bank, N.A.**, and its agents, are hereby ordered to produce the following documents and expert within **24 hours** from the date of this Order:

    - **Full Securitization Documents**, including the name of the mortgage-backed securities trust, CUSIP number, and any Pooling & Servicing Agreement (PSA) applicable to the loan.
    - The **Bloomberg Terminal report** or equivalent documentation confirming the placement of the note into the securitization trust and any evidence of its transfer.
    - **Forensic Accounting Reports**, including a full accounting of payments made, advances, fees, charges, and all relevant financial transactions related to the loan.
    - Any documentation reflecting the loan's status as an asset and detailing any federal funds received related to the loan or trust.

2. **Defendants shall also provide a qualified expert analyst** who can interpret the **Bloomberg Terminal report** and explain its contents to the Court, at **PNC Bank's expense**, within **24 hours** from the date of this Order.

3. Failure to comply with this Order may result in sanctions, including but not limited to a default judgment or adverse inference against the Defendants.

4. Plaintiffs' request for any further relief related to the discovery of securitization documents and forensic accounting records is otherwise **GRANTED** as stated in the Motion.

**IT IS SO ORDERED.**

DATED: _____
By: Judge Anne R Traum
DISTRICT COURT JUDGE

**EMERGENCY STATEMENT FOR THE COURT**

**Plaintiffs:** Pluyd Coleman and Sahar Lewis, Trustees
**Trust:** Coleman Family Revocable Living Trust
**Case No.:** 2:25-cv-00791-ART-DJA
**Property Address:** 3139 Belvedere Dr, Henderson, NV 89014
**Judge:** Hon. Anne R. Traum

Your Honor,

We respectfully come before this Court as Trustees of the Coleman Family Revocable Living Trust, acting pro se and under extreme urgency. On **May 9, 2025**, a foreclosure sale was conducted against our property despite numerous and timely objections. We have repeatedly requested the documents necessary to determine whether PNC Bank has lawful authority or standing to foreclose.

To date, **Defendants have failed to produce securitization documents, a Bloomberg terminal report, or forensic accounting** showing who truly owns the note or how payments were handled. We are not seeking delay—we are seeking truth, equity, and due process.

We now respectfully request that this Court compel PNC to produce these vital records within 24 hours and provide a qualified analyst to interpret them, at their expense, as part of their fiduciary obligation and under Rule 26. Without this, the Court risks enabling a foreclosure by a party with no demonstrable legal interest.

This is a matter of **irreparable harm and equity**. We ask for the Court's protection while this is reviewed and request relief that halts any further transfer or eviction actions until these disclosures are made.

Respectfully,

By /s/ Pluyd Coleman  UCC 1-308
**Pluyd Coleman**

By /s/ Sahar -Amanda Lewis  UCC 1-308
**Sahar Lewis**
Trustees, Coleman Family Revocable Living Trust
Date:

Coleman Family Revocable Living Trust, et al.
Plaintiffs,
v.
PNC Bank, N.A., et al.
Defendants.
Case No. 2:25-cv-00791-ART-DJA

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

**STATEMENT IN SUPPORT OF VOIDING TRUSTEE'S SALE AND EQUITABLE RELIEF**

Plaintiffs, **Pluyd Coleman and Sahar Lewis**, Trustees of the **Coleman Family Revocable Living Trust**, submit this statement in support of their prayer for equitable relief, including **voiding the unlawful trustee's sale** of the real property located at **3139 Belvedere Dr, Henderson, NV 89014**, and reinstating clear title to the trust.

## 1. The Foreclosure Sale Is Void Ab Initio

The foreclosure sale that occurred on **May 9, 2025** is **void** and of no legal effect. Defendant **PNC Bank, N.A.**, through its counsel and co-defendant Clear Recon Corp., **lacked legal standing** to conduct or enforce any sale. Plaintiffs assert that:

- The **note and deed of trust have been separated**, and no party has shown lawful possession or assignment of the promissory note;
- PNC has **consistently failed to produce evidence** of beneficial interest or authority under the deed;
- PNC is merely a **servicer**, not a holder in due course or secured creditor;
- No legal basis exists for the sale under Nevada law or equity.

## 2. Forensic Accounting and Due Process Were Denied

Plaintiffs lawfully demanded **forensic accounting** and production of the loan's transactional history to determine **how their security was being managed, sold, or monetized**. These lawful requests were met with silence or recycled boilerplate. The refusal to respond to **RESPA and QWRs** is not only a violation of federal law, but a **constructive admission** of a defective claim.

## 3. The Sale Undermined Judicial Authority

The trustee's sale occurred **two days before a scheduled hearing in state court**, following a last-minute **removal to federal court by PNC's counsel**, David T. Blake, which appears intended to **moot the hearing** and deprive Plaintiffs of due process. This act further illustrates **bad faith conduct**, undermining the authority of both courts.

## 4. Plaintiffs Have Acted in Equity and Good Faith

Plaintiffs issued a **Private Settlement Offer** dated **May 12, 2025**, offering to resolve all claims in exchange for rescission of the sale and modest equitable compensation. This demonstrates a sincere attempt to resolve the matter without prolonged litigation. Defendants' failure to respond reflects continued **stonewalling and dishonor**.

### 5. Prayer for Relief

Plaintiffs respectfully request that this Court:

- **Declare the May 9, 2025 foreclosure sale void** and of no legal force;
- Order the **rescission of any Trustee's Deed Upon Sale** and reinstate title in the name of the Coleman Family Revocable Living Trust;
- Enjoin all parties from further actions affecting title;
- Maintain jurisdiction to impose **sanctions and damages** if equity and evidence so require.

Respectfully submitted,

By: *[signature]* vce 1-308

**Pluyd Coleman**

By: *[signature]* Sahar-Amanda, Jerry ucc 1-308

**Sahar Lewis**
Trustees, Coleman Family Revocable Living Trust
Dated: May 14, 2025

see EX A

Sahar Amanda Lewis
3139 Belvedere Dr
Henderson, Nevada [89014]

11/19/2024

PNC Bank
Attn: CFO & CEO
The tower at PNC plaza
300 fifth avenue
Pittsburgh, Pennsylvania [15222]

Re: Account #1000783289

Parcel Number: 178-06-711-024

## DISSOLUTION OF DEED OF TRUST BY GRANTOR FOR LACK OF EXECUTION BY BENEFICIARY

I, Sahar Amanda Lewis, agent for SAHAR AMANDA LEWIS accept the oaths of office of all lawful officers and bind them to it, and in return extend full and absolute indemnification to carry out this lawful order. As Grantor/Trustor, I sealed a Deed of Trust appointing North American Financial Corp. ISAOA/ATIMA beneficiary of said Deed of Trust witnessed by notary RUTH ZUMUDIO on 12/7/2021. Evidence of Deed of Trust filed in **CLARK COUNTY RECORDER Inst# 20211212-0002668 on 12/14/2021 03:45:15 PM receipt #: 4817330 requested by Fidelity National Title Recorded by SOV.**

I Sahar Amanda Lewis, as Grantor under the lawful powers of the Trustor of this Deed Of Trust. I hereby dissolve said Deed Of Trust due to the lack of execution and or delivery of acknowledgement by the Beneficiary. The Beneficiary shall deliver a deed of trust and until then the Trustor has the power to revoke. modify, and or dissolve said deed of trust. I Sahar Amanda Lewis hereby and herewith execute that power today. Therefore all rents, issues, titles, profits,and beneficial interest of said Deed of Trust are to be immediately reverted to Sahar Amanda Lewis on behalf of the Principal SAHAR AMANDA LEWIS.

In the name of SAHAR AMANDA LEWIS Estate I hereby declare all trustees free and discharged from any further responsibility and management of said Deed of Trust and the principal thereof.

My execution of DISSOLUTION OF DEED OF TRUST is a matter of Public record and filed by my free will act and deed witnessed by my hand and seal and lawfully acknowledged and attested to with full faith and credit guaranteed by article 4 section 1 of the Constitution of the United States of America. You have 10 days to fulfill my demands.

This letter serves as a final warning and formal notice. Please govern yourselves accordingly.

Sincerely, without ill-will, frivolity, or vexation,

:Sahar-Amanda:Lewis for SAHAR AMANDA LEWIS

By: *Sahar-Amanda: Lewis*, beneficiary without recourse without prejudice
UCC 1-308

## NEVADA NOTARY ACKNOWLEDGEMENT
## (EXECUTION OF JURAT)

State of Nevada }

County of __Clark__ }

Signed and sworn (or affirmed) before me on __11/25/2024__ [date] by __Sahar Amanda Lewis__
_____ [name(s) of person(s) making statement].

(Seal)

JOEL AYALA
NOTARY PUBLIC • STATE OF NEVADA
Appointment Recorded in Clark County
No: 18-1857-01
Expires February 14, 2026

_____
Signature of notarial officer

__Notary Public__
Title (and Rank)



**Affidavit Statement of Principal Standing and Equitable Title**

I, Sahar Lewis, as Trustee of the Coleman Family Revocable Living Trust, hereby declare under penalty of perjury that I am the sole original signatory and principal named on all documents relevant to the property at 3139 Belvedere Dr, Henderson, Nevada. This includes but is not limited to the original deed of trust, promissory note, and all related disclosures and agreements.

No officer, agent, or authorized representative of PNC Bank, N.A., or its purported trustee Clear Recon Corp, ever signed or contributed any actual consideration to the transaction. The purported lender's involvement was limited to converting my signed security into credit—meaning I, as principal, created the entire transaction value. Therefore, I retain superior equitable title and beneficiary standing under trust law and contract law.

Moreover, due to the bifurcation of the note and deed through securitization and the lack of verified forensic accounting, no party has demonstrated lawful ownership, authority, or standing to foreclose. The foreclosure sale that occurred on May 9, 2025, is therefore void ab initio, constituting an unauthorized conversion of trust property.

I respectfully request the Court to recognize the Trust's superior equitable claim, void the sale, order rescission, and sanction those who have acted in bad faith and without lawful authority.

**Statement Regarding Fraud Upon the Court**

Furthermore, Plaintiff hereby asserts that Defendant PNC Bank, N.A., through its counsel David T. Blake of Wolfe & Wyman LLP, has perpetrated fraud upon the court by initiating and completing a nonjudicial foreclosure sale without lawful standing, authority, or a verified security interest.

Despite repeated demands, no valid proof of claim, original promissory note, or complete forensic accounting has been produced. Instead, Defendant has relied on recycled and unverified documentation, in violation of due process, UCC provisions, and federal consumer protection laws.

Further, Defendant's strategic removal of this case to federal court two days prior to a scheduled state court tro hearing constitutes a deliberate act to frustrate judicial review and obstruct equitable relief.

This conduct directly undermines the integrity of the judiciary and warrants immediate judicial scrutiny under Rule 60(d)(3) of the Federal Rules of Civil Procedure, as well as potential sanctions under Rule 11(b).

Plaintiff reserves all rights in equity and at law.

**Statement to the Court by Beneficial Equitable Title Holder**

Presented by: Coleman Family Revocable Living Trust
Trustees: Sahar Lewis and Pluyd Coleman
Regarding: Unlawful Foreclosure and Request for Equitable Relief
Date: 5/14/25
Court: **DISTRICT COURT OF NEVADA DISTRICT COURT**
Case No.: 2:25-cv-00791-ART-DJA

---

Your Honor,

I appear today in equity, as one who has reached the age of majority and who lawfully holds the beneficial equitable title to the property in question. I come with clean hands, standing on unalienable rights, and seeking only lawful and honorable resolution.

I respectfully ask this Court to uphold its solemn oath to the Constitution of the United States and to the State of Nevada. That oath exists to protect due process, the sanctity of private property, and the right of peaceful persons to seek redress when fraud and bad faith have been committed under color of law.

We have made every good faith effort to resolve this matter privately and administratively. The foreclosure sale at issue occurred unlawfully and without lawful authority, and I believe it undermines not only the rights of the Trust but also the dignity of this Court. I am not here to fight, but to correct. Not to delay, but to settle.

As such, I place on the record this respectful inquiry:
**Will the Court uphold its oath and protect the equitable interest and constitutional rights of those who appear in peace and in truth?**

I am fully prepared to settle this matter today if justice, equity, and honor are restored. I ask only for a fair and lawful forum—nothing more, and certainly nothing less.

Thank you, Your Honor.

**Respectfully submitted,**
**Coleman Family Revocable Living Trust**
By: *Sahar-Amanda:Lewis*, without prejudice, UCC 1-308
Trustee Sahar Lewis
Date: 5/14/2025

"May it please the Court:

I appear as the living trustee and authorized representative of the Coleman Family Revocable Living Trust, which holds equitable title to the property known as 3139 Belvedere Drive, Henderson, Nevada.

We are here in honor, having made every effort to settle this matter privately, including tendering lawful payment and demanding validation of claims. That process was obstructed and ultimately sidestepped by an improper removal and a non-judicial sale conducted in breach and fraud.

The Trust never consented to the foreclosure, and no valid proof of claim, accounting, or authority has been produced.

Despite the unlawful nature of the sale, we are not here to escalate—we are here to settle. We respectfully request the Court recognize the Trust's continued beneficial interest and allow us to enter into equitable resolution terms.

If the opposing party is willing, we are ready to settle today under subrogation, restoration of title, or a satisfaction agreement—so long as the Trust's equity and rights are preserved, and all parties' claims are resolved with prejudice.

Let the record show we came to settle honorably. We reserve all rights, waive none, and are open to any fair and lawful path to final resolution."

**Demand for Forensic Accounting and Production of Original Note**

Plaintiffs hereby demand a full forensic accounting pursuant to 12 U.S.C. § 2605(e), UCC § 3-501, and applicable Nevada trust and contract law, to determine the complete history of payments, credits, investor payoffs, insurance claims, and securitization transactions associated with the purported loan. Despite repeated requests, Defendant PNC Bank, N.A. and its agents have failed to produce any competent evidence of ownership or lawful holder status of the original promissory note. Plaintiffs further demand production of the "wet-ink" original promissory note, along with all indorsements, assignments, custodial records, and chain-of-title documentation necessary to establish standing. Plaintiffs contend the note and deed of trust have been bifurcated and that no party currently holds both instruments lawfully. In the absence of such evidence, all enforcement actions and foreclosure proceedings are void ab initio for lack of legal authority.