**COLEMAN FAMILY REVOCABLE LIVING TRUST**,
Plaintiff,
v.
**PNC BANK, N.A., MATRIX FINANCIAL SERVICES CORP., CLEAR RECON CORP.**, and **DOES 1–10**,
Defendants.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Case No.: 2:25-cv-00641-ART-DJA



FILED ___ RECEIVED
ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD
MAY 19 2025
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# EMERGENCY EX PARTE MOTION TO VOID FORECLOSURE SALE

### DUE TO LACK OF STANDING, VIOLATION OF COURT ORDER, AND IRREPARABLE HARM

TO THE HONORABLE COURT:

Plaintiff, **Coleman Family Revocable Living Trust**, by and through its trustees acting in their fiduciary capacity and in propria persona, respectfully files this **Emergency Ex Parte Motion** to void the nonjudicial foreclosure sale conducted on **May 9, 2025**, and alleges the following grounds:

## I. INTRODUCTION AND EMERGENCY BASIS

On **May 14, 2025**, this Court issued a Minute Order (ECF No. 18) vacating the hearing on Plaintiff's prior emergency motion and granting Plaintiff until **June 13, 2025**, to obtain legal counsel. Despite this directive, Defendants proceeded with a nonjudicial foreclosure sale **on May 9, 2025**, in violation of Plaintiff's due process rights and this Court's preservation of the status quo.

To date, no Trustee's Deed Upon Sale has been recorded, and Plaintiff has filed a **UCC-1 Financing Statement** asserting a competing secured interest in the subject property. This motion seeks to **void the unlawful foreclosure sale ab initio** due to:

1. Lack of standing and improper foreclosure procedures;
2. Violation of due process and this Court's jurisdiction;
3. Irreparable harm to the Plaintiff and family;
4. Breach of fiduciary duty and securities fraud resulting from the sale despite pending litigation;
5. Violation of the Court's own preservation order affording time to secure counsel.

## II. FACTUAL BACKGROUND

- **March 2024–March 2025**: Plaintiff tendered multiple notices, negotiable instruments, and offers of performance to Defendants, all of which were dishonored or ignored.
- **March 27, 2025**: Notice of Trustee's Sale recorded by Clear Recon Corp., despite outstanding RESPA-qualified requests.
- **May 9, 2025**: Defendants conducted a foreclosure sale during active federal litigation and the Court's stay window.
- **May 14, 2025**: This Court granted a 30-day extension to Plaintiff to obtain legal counsel (ECF No. 18).
- **Present**: No Trustee's Deed has been recorded; Plaintiff filed a **UCC-1** asserting secured interest.

## III. LEGAL ARGUMENT

### A. Foreclosure Sale Is Void for Lack of Standing

Defendants failed to establish lawful standing or a valid chain of title as required by **Nevada Revised Statutes (NRS) Chapter 107** and **UCC Articles 3 & 9**. ~~Matrix Financial Services Corp.~~ PNC, acting through Clear Recon Corp., failed to demonstrate it was a valid beneficiary, holder in due course, or party with enforceable rights at the time of sale.

### B. Foreclosure During Court-Ordered Window Violated Due Process

The sale occurred while this Court had granted Plaintiff time to retain counsel. The Defendants' unilateral action directly contravenes the Court's Minute Order and deprived Plaintiff of meaningful opportunity for judicial review, violating fundamental due process protections under the **Fifth and Fourteenth Amendments**.

### C. Defendants Breached Fiduciary Duty and Engaged in Securities Fraud

Defendants' refusal to acknowledge negotiable instruments tendered in good faith, coupled with the transfer of beneficial interest without disclosure, constitutes **constructive fraud**, **breach of fiduciary duty**, and a pattern of **securities fraud** under federal law, including violations of **SEC Rule 10b-5**. The sale was executed with knowledge of pending litigation and in disregard of fiduciary obligations owed to the trust and beneficiaries.

### D. Irreparable Harm Mandates Emergency Relief

Plaintiff's trustees and household continue to suffer **emotional trauma, physical ailments, and disruption of housing stability**. Monetary damages are insufficient to remedy the loss of property, home, or ongoing stress inflicted by the unlawful actions of Defendants.

### E. No Trustee's Deed Recorded – Sale Is Still Reversible

As of this filing, **no Trustee's Deed Upon Sale** has been recorded. This Court retains full **equitable authority** to void the sale, **restore the status quo ante**, and prevent further injury or unauthorized title transfer.

## IV. DECLARATION OF EQUITABLE MAXIMS – EXHIBIT A

Plaintiff invokes the following equitable principles in support of this Motion and all related relief:

1. **Equity regards as done that which ought to be done.**
2. **Equity will not suffer a wrong without a remedy.**
3. **Equity acts in personam.**
4. **Equity follows the law.**
5. **He who comes into equity must come with clean hands.**
6. **He who seeks equity must do equity.**
7. **Equity aids the vigilant, not those who slumber on their rights.**
8. **Where there is equal equity, the law shall prevail.**
9. **Equity looks to the intent rather than the form.**
10. **Equity imputes an intention to fulfill an obligation.**

These doctrines justify the exercise of the Court's equitable jurisdiction to void the foreclosure and grant all necessary relief to prevent injustice.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Issue an **Emergency Order** voiding the May 9, 2025, foreclosure sale;

2. Enjoin Defendants and any purported successors from recording any deed or transferring title;
3. Declare that the status quo must be restored under equity;
4. Grant any further relief this Court deems just and proper.

---

Respectfully submitted,
Dated: May 19, 2025

*[signature]* UCC 1-308

**Pluyd Coleman**, Trustee
Coleman Family Revocable Living Trust
**In Propria Persona**

By *[signature]* Sahar-Amanda; Lewis UCC 1-308

**Sahar Lewis**, Trustee
Coleman Family Revocable Living Trust
**In Propria Persona**

## DECLARATION OF TRUSTEE IN SUPPORT OF EMERGENCY MOTION

I, **Sahar Lewis**, declare under penalty of perjury under the laws of the United States as follows:

1. I am a trustee of the Coleman Family Revocable Living Trust and submit this declaration in support of the accompanying Emergency Motion to Void the Foreclosure Sale.
2. On May 9, 2025, without judicial review or legal standing by Defendants, our home was sold at a nonjudicial foreclosure sale.
3. The Court issued a Minute Order on May 14, 2025, allowing us 30 days to retain counsel. This sale occurred just prior to and in conflict with that order.
4. Since the sale, my family and I have experienced extreme anxiety, panic, sleep deprivation, and destabilization. We were not able to sleep or eat. The representative of the purchaser came to our home demanding us to vacate immediately triggering emotional trauma.
5. I have not been able to function normally, and both trustees' health has significantly declined. These are harms that no monetary damages can repair.
6. No Trustee's Deed has been recorded, and a UCC-1 has been filed on record asserting our interest in the property.
7. We seek this Court's urgent intervention to void the sale and preserve our rights and the integrity of the judicial process.

Executed this 18th day of May 2025.

By: *[signature: Sahar-Amanda Lewis]*

Sahar Lewis, Trustee
Coleman Family Revocable Living Trust

**COLEMAN FAMILY REVOCABLE LIVING TRUST**,
Plaintiff,
v.
**PNC BANK, N.A., MATRIX FINANCIAL SERVICES CORP., CLEAR RECON CORP., and DOES 1–10**,
Defendants.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

Case No.: 2:25-cv-00791-ART-DJA

### [PROPOSED] ORDER GRANTING EMERGENCY EX PARTE MOTION TO VOID FORECLOSURE SALE

This matter comes before the Court on Plaintiff's Emergency Ex Parte Motion to Void the Foreclosure Sale conducted on May 9, 2025, due to lack of standing, violation of a court order, and ongoing irreparable harm.

Having considered the motion, the supporting memorandum, the exhibits, and the entire record herein, and finding good cause shown:

**IT IS HEREBY ORDERED THAT**:

1. The foreclosure sale conducted on May 9, 2025, is **VOID AB INITIO** and of no legal effect;

2. Defendants, their agents, trustees, successors, and assigns are **ENJOINED** from recording any Trustee's Deed Upon Sale or any other instrument purporting to transfer title to the subject property, located at **3139 Belvedere Drive, Henderson, Nevada**;

3. Defendants are further **RESTRAINED** from attempting to enter the property, assert possession, or interfere in any manner with Plaintiff's current and peaceful use and enjoyment of the premises;

4. This Order shall remain in effect until further order of this Court;

5. The Court retains jurisdiction to enforce this Order and to consider any further relief deemed appropriate.
   IT IS SO ORDERED.

DATED: _____, 2025

**ANNE R. TRAUM**
United States District Judge