David T. Blake, Esq.
Nevada Bar No. 11059
Wolfe & Wyman LLP
6757 Spencer Street
Las Vegas, NV 89119
Tel: (702) 476-0100
Fax: (949) 475-9203
dtblake@ww.law

Attorneys for Defendant PNC Bank

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Coleman Family Revocable Living Trust, by and through Trustees Sahar Lewis and Pluyd Coleman,<br><br>                    Plaintiffs,<br>    v.<br><br>PNC Bank, N.A., Matrix Trust Company, Clear Recon Corp., Stefanie Armijo, Does 1 through 20,<br><br>                    Defendants. | CASE NO.:  2:25-cv-00791-JCM-DJA<br><br>(*Removed from 8th Judicial District Court, State of Nevada*<br>*Case No. A-25-916476-C)*<br><br>**PNC Bank's Statement Regarding Removal** |

Pursuant to the Court's Minute Order dated May 6, 2025 (ECF No. 2), Defendant PNC Bank, N.A., by and through its counsel Wolfe & Wyman LLP, provides the following information regarding removal of this action:

1. Date on which PNC Bank was served with a copy of the Complaint:

PNC was served on May 6, 2025.

2. Date on which PNC Bank was served with a copy of the Summons:

Same as above; no service has been effected to date.

3. Information regarding the citizenship of the parties and the amount in controversy:

<u>Citizenship of the parties:</u>

Plaintiff, the Coleman Family Revocable Living Trust, is a Nevada trust represented to be administered by trustees who reside in Nevada.

1

Defendant PNC Bank, N.A. is a nationally chartered bank and a citizen of Delaware, which is its designated main office pursuant to its articles of association.

Defendant Clear Recon Corp is a California entity with its main office in San Diego, California.

Defendant Matrix Trust Company is a Colorado entity with its main office in Newark, New Jersey.

Defendant Stefanie Armijo is believed to be a resident of California.

<u>Amount in controversy:</u>

The Complaint seeks to void a deed of trust and recover damages in the amount of $180,000,000 (see Complaint ¶ 33, ECF No. 1-3), thus exceeding the jurisdictional minimum under 28 U.S.C. § 1332(a).

4. Reason why removal was filed more than 30 days after receiving copy of summons and complaint:

Not applicable. The Notice of Removal was filed on May 6, 2025, and no defendant had been served with process at that time.

5. Reasons for remand in cases where state court action was commenced more than one year before the date of removal:

Not applicable. The action was filed on April 9, 2025, and removed less than 30 days thereafter.

6. Names of served defendants who did not formally join in the notice of removal:

None. As of the date of removal, no other defendants had been served, and therefore their joinder was not required.

DATED: May 20, 2025                                          WOLFE & WYMAN LLP

By: */s/ DAVID T. BLAKE*
DAVID T. BLAKE, ESQ.
Nevada Bar No. 11059
6757 Spencer Street
Las Vegas, NV  89119
Attorneys for Defendant

2

5240224.1

**CERTIFICATE OF ELECTRONIC SERVICE**

I hereby certify that on May 20, 2025, the foregoing **PNC Bank's Statement Regarding Removal** was served via Electronic Service and United States Mail, postage fully pre-paid as follows:

**COLEMAN FAMILY REVOCABLE LIVING TRUST**
**3139 Belvedere Dr.**
**Henderson, NV 89014**

/s/ DORIS LIGAT
An employee of WOLFE & WYMAN LLP

3

5240224.1