PLUYD COLEMAN, individually, and SAHAR LEWIS, individually,
Plaintiffs,

v.

PNC BANK, N.A.,
Defendant.



UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Case No.: 2:25-cv-00791-ART-DJA

**FIRST AMENDED VERIFIED COMPLAINT FOR BREACH OF CONTRACT, SECURITIES FRAUD, WRONGFUL FORECLOSURE, QUIET TITLE, DECLARATORY AND INJUNCTIVE RELIEF**

## INTRODUCTION

1. Plaintiffs Pluyd Coleman and Sahar Lewis bring this First Amended Complaint against PNC Bank, N.A. for its failure to honor contractual and fiduciary obligations, and for its fraudulent acts relating to the dishonor and misuse of a negotiable instrument concerning the property located at 3139 Belvedere Dr, Henderson, Nevada.

2. This action arises from PNC Bank's breach of contract and violations of securities and banking laws, which have caused Plaintiffs direct and ongoing financial harm, despite their legal tender and performance.

3. Plaintiffs seek declaratory relief affirming their title and right of possession, injunctive relief to halt unlawful collection or eviction activity, compensatory damages equal to the original mortgage ($270,000), punitive damages, and restitution for equity loss resulting from a wrongful foreclosure sale.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question), and supplemental jurisdiction under 28 U.S.C. § 1367.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as the property and acts in controversy occurred within Clark County, Nevada.

## PARTIES

6. Plaintiff Pluyd Coleman is a natural person and co-trustee of the Coleman Family Revocable Living Trust, residing in Clark County, Nevada.

7. Plaintiff Sahar Lewis is a natural person and co-trustee of the Coleman Family Revocable Living Trust, residing in Clark County, Nevada.

8. Defendant PNC Bank, N.A. is a national banking institution conducting business within Nevada and the United States, including mortgage servicing.

## FACTUAL BACKGROUND

9. Plaintiff Sahar Lewis acquired the subject property via lawful conveyance and recorded deed on December 7, 2021 then conveyed to trust on December 30, 2023.

10. Plaintiffs tendered payment in full via a lawful negotiable instrument in early 2024, which PNC Bank dishonored without lawful cause.

11. Plaintiffs submitted a Qualified Written Request (QWR) and debt dispute under RESPA, to which PNC responded only with a payment history and a copy of the Deed of Trust, failing to validate the debt or provide full accounting.

12. Despite the tender and dispute, PNC continued collection actions, violating contract terms and federal securities disclosure laws.

13. Plaintiffs recorded a Notice of Lis Pendens on April 10, 2025, and filed federal litigation; however, PNC proceeded with nonjudicial foreclosure and caused title to be unlawfully transferred on May 16, 2025.

14. The property was sold for $280,000 despite being valued at approximately $400,000, resulting in significant equity loss to Plaintiffs. Plaintiffs remain in possession and have received no lawful eviction order or hearing.

## CAUSES OF ACTION

**Count 1: Breach of Contract**

    15. Plaintiffs incorporate paragraphs 1–14.

    16. Plaintiffs performed all contractual obligations under the mortgage agreement or were excused due to PNC's refusal to accept lawful tender.

    17. PNC breached the contract by failing to apply payment, failing to properly respond to a QWR, and proceeding with foreclosure despite payment and dispute.

    18. Plaintiffs have suffered damages including clouded title, emotional distress, legal fees, and substantial financial loss.

**Count 2: Securities Fraud (15 U.S.C. §§ 77q, 78j; NRS Chapter 90)**

    19. Plaintiffs incorporate paragraphs 1–18.

    20. PNC knowingly concealed material facts about the securitization and dishonor of Plaintiffs' negotiable instrument.

    21. PNC misrepresented the ownership and transfer status of the debt.

    22. PNC used deceptive means in violation of federal and state securities laws.

    23. Plaintiffs relied on these misrepresentations to their detriment.

    24. Plaintiffs request full compensatory and punitive damages.

**Count 3: Wrongful Foreclosure**

    25. Plaintiffs incorporate paragraphs 1–24.

    26. Plaintiffs tendered payment in full and initiated dispute procedures under federal law, which PNC failed to honor.

    27. Despite notice of pending litigation and lis pendens, PNC proceeded with a nonjudicial foreclosure.

    28. On May 16, 2025, a Trustee's Deed was recorded transferring the property to a third party.

    29. The property was sold for $280,000 while its market value was approximately $400,000.

30. The foreclosure sale was conducted in bad faith, with no judicial oversight, and contrary to Plaintiffs' legal rights.

31. Plaintiffs suffered substantial harm and equity loss exceeding $120,000, and seek monetary damages and rescission.

### Count 4: Quiet Title (NRS 40.010)

32. Plaintiffs incorporate paragraphs 1–31.

33. Plaintiffs held legal and equitable title to the property by recorded deed as of December 30, 2023.

34. The foreclosure process was defective due to lack of standing, tender denial, and active litigation.

35. The Trustee's Deed Upon Sale recorded on May 16, 2025, clouds Plaintiffs' title and should be declared void.

36. Plaintiffs request a declaration that they hold superior title and an order quieting title in their favor.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court grant the following:

A. Declaratory judgment that Plaintiffs retain legal and equitable title to the subject property;

B. Preliminary and permanent injunction halting any eviction, collection, or further foreclosure efforts;

C. Compensatory damages in the amount of at least $270,000;

D. Punitive damages as allowed by law;

E. Order quieting title in Plaintiffs' favor and declaring the Trustee's Deed Upon Sale void;

F. Rescission or cancellation of the recorded Trustee's Deed Upon Sale;

G. Damages for wrongful foreclosure and breach of contract;

H. Restitution for equity loss exceeding $120,000;

I. Imposition of a constructive trust over sale proceeds, if applicable;

J. Costs, attorney's fees, and any other relief the Court deems just and proper.

Dated: May 21, 2025

Respectfully submitted,

*[signature]* UCC 1-3d
**Pluyd Coleman, Plaintiff In Propria Persona**

By: *[signature]*  UCC 1-30 8
**Sahar Lewis, Plaintiff In Propria Persona**   without prejudice