David T. Blake, Esq.
Nevada Bar No. 11059
Wolfe & Wyman LLP
6757 Spencer Street
Las Vegas, NV 89119
Tel: (702) 476-0100
Fax: (949) 475-9203
*dtblake@ww.law*

Attorneys for Defendant PNC Bank

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Coleman Family Revocable Living Trust, by and through Trustees Sahar Lewis and Pluyd Coleman,<br><br>    Plaintiffs,<br>v.<br>PNC Bank, N.A., Matrix Trust Company, Clear Recon Corp., Stefanie Armijo, Does 1 through 20,<br><br>    Defendants. | CASE NO.:  2:25-cv-00791<br><br>**PNC Bank's Consolidated Response to Plaintiff's Motions Requesting Prejudgment Remedies** |

PNC Bank, N.A. ("PNC Bank") by and through its counsel of record, Wolfe & Wyman LLP, hereby responds to Plaintiff's various motions requesting various types of prejudgment relief, including for a temporary restraining order ("TRO") preliminary injunction, to void the trustee sale held on May 9, 2025, and all other relief requested as set forth herein. Specifically, this Response responds to the following filings, as they are identified on the Court's docket:

- [4]: Motion for Temporary Restraining Order
- [5]: Motion for Preliminary Injunction
- [7]: Emergency Motion to Void Trustee Sale and Restore Possession Due to Unlawful Foreclosure in Violation of Pending Federal Litigation, Lis

1

5242306.1

Pendens, and Equitable Title Interest
- [13]: Emergency Motion to Void Trustee Sale
- [14]: Emergency Motion for Sanctions
- [15]: Emergency Motion for Expedited Hearing
- [23]: Emergency EX PARTE MOTION to Void Foreclosure Sale
- [28]: Renewed Emergency MOTION for Temporary Restraining Order, to Void Unlawful Sale, and to Preserve Possession

These motions are collectively referred to as the "Motions."

## I. Statement of Facts

### A. Judicially Noticeable Matters

A court may take judicial notice of matters of public record pursuant to Federal Rules of Evidence, Rule 201, when deciding a motion to dismiss for failure to state a claim. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012). Here, the documents recorded in the Clark County Recorder's Office are judicially noticeable and show the following facts:

On or about December 21, 2020, a Grant, Bargain, Sale Deed was recorded, reflecting that Sahar Lewis acquired title to the Property. See Exhibit 1, attached hereto.

On or about December 14, 2021, a Deed of Trust was recorded, encumbering the Subject Property. The Deed of Trust secured a loan in the original principal amount of $270,000.00 made by North American Financial Corp. (as lender) to Sahar Lewis (as borrower). Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for the lender and its successors and assigns, was identified as the beneficiary under the Deed of Trust. See Deed of Trust, attached hereto as Exhibit 2.

On or about June 14, 2024, an Assignment of Deed of Trust was recorded, transferring all rights, title, and interest in the Deed of Trust from MERS, as nominee for North American Financial Corp., to PNC Bank, National Association. See Exhibit 3, attached hereto.

On or about April 3, 2025, a Corporate Assignment of Deed of Trust was recorded, reflecting that the beneficial interest under the Deed of Trust was assigned from PNC Bank, National Association to Federal Home Loan Mortgage Corporation. See Exhibit 4, attached hereto.

On or about May 7, 2024, a Quitclaim Deed was recorded, reflecting that Sahar Lewis transferred the Subject Property to herself and Pluyd Coleman Jr. as trustees of the Coleman Family Revocable Living Trust, dated September 17, 2023. See Exhibit 5, attached hereto.

On or about December 2, 2024, a Notice of Default and Election to Sell Under Deed of Trust was recorded. The Notice states that a default occurred based on nonpayment of the installment due on April 1, 2024, and all subsequent payments. Clear Recon Corp. was identified as the trustee, and PNC Bank, National Association was named as the beneficiary at the time of recording. See Exhibit 6, attached hereto.

On or about May 9, 2025, a foreclosure trustee's sale was conducted by Clear Recon Corp., as trustee under the Deed of Trust. At the sale, the Subject Property was sold to the highest bidder for the amount of $280,000.00.

### B. Plaintiff's Allegations

Plaintiff is challenging the validity of the Subject Loan. In its verified complaint, Plaintiff—purporting to act through the trustees of the Coleman Family Revocable Living Trust—seeks to unwind or enjoin a nonjudicial foreclosure sale that occurred following its default on a residential mortgage loan secured by the Subject Property. The Complaint is attached hereto as Exhibit 7. Plaintiff alleges that it acquired title to the property through a trust transfer and attempted to tender a "negotiable instrument," which it asserts was dishonored by PNC Bank. Ex. 7 ¶¶ 13-15. Based on this and related allegations, Plaintiff contends that the loan was discharged by operation of law. Id. ¶¶ 15-21.

Relying on these premises, Plaintiff asserts nine causes of action, each of which contain only one sentence apart from the first, which contains three: wrongful

foreclosure; breach of contract; violations of RESPA; securities fraud and misrepresentation; quiet title; injunctive relief; declaratory relief; emergency relief (TRO and Preliminary Injunction); and slander of title. Although Plaintiff lists out these causes of action, it does not provide any basis for alleging these allegations beyond the most conclusory of statements. See Ex. 7 ¶¶ 22-32.

As argued below, Plaintiff's request to void the May 9, 2025, Trustee Sale (the "Trustee Sale") and enjoin any future foreclosure proceedings is not supported and falls well short of the standard necessary to obtain preliminary relief from this Court.

### C. Plaintiff's Motions

Plaintiff's Motions are all similar but request slightly different relief. ECF No. 4 relies on conclusory allegations and the same sovereign citizen arguments recited in the complaint. ECF No. 5 is identical to ECF No. 4, but the docket text request a preliminary injunction (vs. a TRO). ECF No. 7 contains pure legal conclusions and conclusory allegations requesting the Court to set aside the May 9 trustee sale. ECF Nos. 13, 14, and 15 are each identical and request that the Court void the trustee sale, impose sanctions, and grant an expedited hearing. Based on the substance of Plaintiff's motions, it appears that Plaintiff is requesting (1) a TRO, (2) a preliminary injunction, (3) an order setting aside the May 9 trustee sale, (4) sanctions against PNC Bank, and (5) an expedited hearing. PNC Bank expresses no position on the request for expedited hearing. As to the remaining points, the request for relief should be denied because Plaintiff has not satisfied the rigorous standard for injunctive relief.

Plaintiff's Motion at ECF 23 requests the same relief but recites different basis for the requested relief, arguing that "Plaintiff tendered multiple notices, negotiable instruments, and offers of performance to Defendants, all of which were dishonored or ignored." ECF No. 23 at 2. ECF No. That Motion also contains a "Declaration of Equitable Maxims" consistent with Sovereign Citizen ideology. The Motion also recites the legal standard for a preliminary injunction but does not attach any evidence in support of the conclusory statements within the Motion itself.

4

5242306.1

Plaintiff's Motion at ECF No. 28 is similar to the prior motions. The allegations in this Motion are more vacuous. For example, the headings "Grounds for Emergency Relief" and "Legal Standard" contain only a bare recitation of the legal standard and no substantive argument or analysis. ECF No. 28 at 1-2. Like plaintiff's other motions, there is no attached evidence and no explanation of a concrete wrong or other legal violation apart from the fact that Plaintiff wishes to enjoin and/or set aside the foreclosure sale.

## II. Plaintiff Fails To Meet The High Legal Standard for Preliminary Injunctive Relief

As noted, Plaintiff seeks to void the Trustee Sale and enjoin future foreclosure activity. FRCP 65 governs preliminary injunctions and temporary restraining orders, and requires that a motion for temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." FRCP 65(b).

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001). Furthermore, a temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974). An injunction is "a drastic and extraordinary remedy, which should not be granted as a matter of course." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 130 S.Ct. 2743, 2761, 177 L.Ed.2d 461 (2010). Plaintiff has the burden to show that injunctive relief is appropriate. *See Granny Goose Foods*, 415 U.S. at 442–43. Because they are

5242306.1

extraordinary remedies, a plaintiff seeking a TRO or preliminary injunction must overcome a significant evidentiary and persuasion burden. *Stein v. Dowling*, 867 F. Supp. 2d 1087, 1095 (S.D. Cal. 2012) In order to obtain such relief, the plaintiff "must make a 'threshold showing' of four factors." *E. Bay Sanctuary Covenant v. Barr*, 964 F.3d 832, 844 (9th Cir. 2020). The plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. N.R.D.C.*, 555 U.S. 7, 20 129 S.Ct. 365 (2008). The elements are conjunctive, meaning the party seeking the TRO or injunction must satisfy each element. *See Bayview Loan Servicing, LLC v. Romewright Properties, LLC*, No. 218CV00305, 2018 WL 6566543, at *2 (D. Nev. Oct. 26, 2018).

As argued below, Plaintiff's thread-bare, unsupported, and conclusory allegations cannot support the high burden required for a plaintiff to obtain these prejudgment remedies.

### A. The requests for a TRO and/or preliminary injunction enjoining foreclosure are moot.

Courts, including in this district, routinely deny as moot request for relief prohibiting a foreclosure sale where the sale has already occurred. *See, e.g., Florio v. Vista Pac. Holdings*, 2012 WL 3023265, at *1 (D.Nev. July 24, 2012) ("The Court denies Florio's first motion for a TRO and a preliminary injunction as moot. The foreclosure sale which Florio requested the Court to enjoin has already taken place as discussed in Florio's Motion to Set Aside."); *Tina v. Countrywide Home Loans, Inc.*, 2008 WL 4790906, at *3 (S.D.Cal. Oct. 30, 2008) ("As in their TRO application, Plaintiffs ask the court to enjoin the foreclosure sale of their property. [T]his request is denied as moot as the foreclosure sale took place on July 11, 2008.")

Here, a nonjudicial trustee sale occurred on May 9, 2025. Thus, Plaintiff's request to prevent/enjoin the same is moot.

5242306.1

**B. Plaintiff's Trustees, Sahar Lewis and Pluyd Coleman, cannot represent the Coleman Family Revocable Living Trust in this action because they are not licensed attorneys, and Nevada law strictly prohibits such representation by non-lawyers.**

As the Court has already recognized, the right to self-representation is personal and does not extend to representation of a separate legal entity such as a trust. A trust is not a natural person—it is a legal entity that must appear in court through licensed counsel. Both Nevada and federal courts have consistently held that a non-lawyer trustee may not represent a trust in judicial proceedings. In *Guerin v. Guerin*, the Nevada Supreme Court made clear that "[a] proper person is not permitted to represent an entity such as a trust; rather, a trust must be represented by a licensed attorney in the state courts." The court emphasized that "[a]lthough an individual is entitled to represent himself or herself in the district court, no rule or statute permits a non-attorney to represent any other person, a company, a trust, or any other entity in the district courts or in the Supreme Court."

This prohibition is echoed in *Salman v. Newell*, 110 Nev. 1333, 1335 (1994), where the Nevada Supreme Court held that a non-attorney trustee of a trust could not appear pro se on behalf of the trust, reaffirming that trusts must be represented by licensed legal counsel. The same principle has been applied in federal courts within the Ninth Circuit. In *Hale Joy Trust v. Commissioner*, 57 Fed. Appx. 323 (9th Cir. 2003), the court held that a non-lawyer trustee could not represent a trust pro se in appellate proceedings. These rulings reflect a consistent rule across jurisdictions that trusts may not be represented by individuals who are not licensed attorneys.

This prohibition is not merely procedural—it is codified in Nevada law. Nevada Revised Statutes § 7.285 makes it unlawful for any person who is not an active member of the State Bar of Nevada or otherwise authorized under Supreme Court rules to practice law. Likewise, Supreme Court Rule 77 bars anyone from practicing law in the courts of Nevada unless they are a licensed attorney or qualify under narrow exceptions not applicable here.

7

5242306.1

The trustees' attempt to represent the trust in this litigation is therefore unauthorized and improper. PNC Bank requests that the court delay considering the various Motions until after Plaintiff is represented by counsel.

### C. The "Sovereign Citizen" ideology in Plaintiff's Complaint and Motions cannot withstand judicial scrutiny and does not support extraordinary relief.

Plaintiff's Complaint and related filings appear to have the hallmarks of a Complaint based upon the "sovereign citizen" theory that the federal courts around the country have uniformly rejected. *Vachon v. Reverse Mortgage Solutions, Inc.,* 2017 WL 6628103, at *6 (C.D. Cal. August 11, 2017) (theories tied to the sovereign citizen movement seeking to avoid debt repayment have been unsuccessful and dismissed as patently frivolous by courts across the country); *Caetano v. Internal Revenue Service*, 2023 WL 3319158, at *3-4 (E.D. Cal. May 8, 2023) (noting that the plaintiff's claim was rooted in the sovereign citizen ideology and claims that individuals can "free" themselves by filing one or more Uniform Commercial Code financial statements naming themselves as both the secured party and the debtor; such theories are legally frivolous that have been widely rejected by the federal courts); *Vazquez v. Cal. Hwy. Patrol*, 2016 WL 232332, at *2-3, (E.D. Cal. Jan. 19, 2016) (finding the plaintiff's sovereign citizen theory to be clearly frivolous, warranting dismissal of his section 1983 complaint without leave to amend); *United States v. Alexio*, 2015 WL 4069160, at *2-4 (D. Haw July 2, 2015) (noting that the courts have flatly rejected the sovereign citizen theories as "frivolous, irrational [and] unintelligible").

In *Williams v. United States Small Business Administration*, the court aptly noted: "To put it bluntly, Plaintiff's Complaint is unintelligible. Plaintiff's claims rely on various strange, legally unsound arguments based on commercial codes, citizenship (or the purported lack thereof), and corporate statuses to conclude that he should be allowed to not just rescind his loan and have his debt cancelled, but also receive $2 million in unexplainable damages. These arguments are highly similar to those made by sovereign citizens, which courts have uniformly rejected." 2024 WL 5247154, at

5242306.1

*2 (C.D. Cal. Dec. 30, 2024).

Plaintiff's various requests for extraordinary and preliminary relief rely on the same type of discredited sovereign citizen arguments. *See, e.g.*, ECF No. 4 at 3-5, (Notice and Demand for Settlement in Equity reciting, holder in due course, UCC 3-603, accord and satisfaction under the UCC), No. 5 at 1 (arguing PNC Bank's conduct constitute trespass) and at 6-7 (arguing that a verified complaint plus request for preliminary relief bars foreclosure). Plaintiff's Complaint and Motions are premised on conclusory and legally baseless assertions that the mortgage loan was "discharged" through the tender of a negotiable instrument, that PNC Bank somehow forfeited its rights by failing to "validate" the debt, and that the trustee's sale was void simply because Plaintiff recorded a lis pendens. Exhibit 7 at ¶¶ 9-21. Plaintiff does not attach any evidence to its motions, other than conclusory affidavits/declarations. Plaintiff's contentions are not based on valid legal theories. The notion that Plaintiff could eliminate a valid mortgage obligation through unilateral acts or paperwork filed under the Uniform Commercial Code has been repeatedly rejected as frivolous. Likewise, there is no authority supporting Plaintiff's claim that recording a lis pendens, the pendency of litigation, or any other fact identified by Plaintiff alone prohibits foreclosure. Plaintiff offers no credible legal or factual basis for the extraordinary relief they seek, and its filings reflect the same incoherent and meritless ideology that courts across the country have flatly refused to entertain.

**D. Plaintiff has not satisfied the heavy burden required for a pretrial order setting aside a trustee sale.**

Plaintiff's request to set aside or void the May 9 trustee sale is a request for preliminary and extraordinary relief by the Court. Granting the request would require the court to evaluate Plaintiff's evidence and grant relief prior to trial on the issues and would be, therefore, equivalent to a preliminary injunction. *See In re Collins*, CIV. 14-00453 SOM, 2014 WL 6686502, at *4 (D. Haw. Nov. 25, 2014); (analyzing request for pretrial order setting aside foreclosure under preliminary injunction standard):

5242306.1

*Anthony v. Capitol Commerce Mortg. Co.*, 3:10-CV-169-RCJ-RAM, 2011 WL 468560, at *1 (D. Nev. Feb. 4, 2011) (referencing preliminary injunction to set aside foreclosure sale). As noted above, Plaintiff has not marshalled the necessary evidence to demonstrate a likelihood of prevailing on the merits or any of the other factors necessary to receive prejudgment relief. Accordingly, the request to void or set aside the May 9 Trustee sale should be denied.

### E. Sanctions are not appropriate and not warranted.

Plaintiff moves for sanction without specifying any authority for the Court to issue Sanctions. Rather, Plaintiff argues that sanctions are appropriate because PNC Bank conducted a trustee sale before Plaintiff's request for a TRO could be resolved. Plaintiff cites to several cases as the legal basis for its requested relief. ECF No. 14 at 2.

These citations appear to be generated by artificial intelligence or at least wildly incorrect. First, Plaintiff relies on *Miller v. Lewis*, 80 Nev. 402 (1964), to support the proposition that "[c]ourts have inherent equitable power to void sales conducted in bad faith or under false pretenses." However, Miller does not involve any trustee sale, foreclosure process, or equitable relief to unwind a transaction. Instead, Miller is a straightforward fraud and deceit action—specifically, a tort claim for damages based on allegedly false oral representations. *See Miller v. Lewis*, 80 Nev. 402, 404, 395 P.2d 386, 387 (1964).

Next, Plaintiff cites *City of Cookeville* for the proposition that "[r]emoval must not be used as a procedural tool to defeat equity or silence due process." But that quote appears nowhere in the opinion—not in substance or in spirit. In fact, the case had nothing to do with equitable relief, due process violations, or abuse of the removal statute. *Cookeville* involved a utility condemnation dispute governed by Tennessee law, and the primary jurisdictional issue was whether a federal agency could remove under 28 U.S.C. § 1442. The Sixth Circuit held that removal was proper—explicitly affirming federal jurisdiction and rejecting the city's challenge to removal. *City of*

*Cookeville v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 394–95 (6th Cir. 2007).

Finally, Plaintiff cites *Taggart v. Lorenzen*, 587 U.S. 554 (2019), for the sweeping proposition that "violating a pending TRO process constitutes grounds for civil contempt." But that is not what *Taggart* holds, nor does the case even involve a temporary restraining order. Rather, *Taggart* concerns the standard for imposing civil contempt sanctions for violating a bankruptcy discharge injunction, not a preliminary injunction, TRO, or any other form of general equitable relief. *Taggart*, 587 U.S. at 565. This standard has nothing to do with alleged violations of pending TRO proceedings or equitable duties generally.

Plaintiff has failed to demonstrate that the May 9 trustee sale was improper, let alone that it would justify sanctions. To prevent the foreclosure sale Plaintiff was required to prove a likelihood of prevailing on the merits. Plaintiff's legally unsupported and conclusory allegations could not do so prior to the trustee sale and cannot do so now.

## III.   Conclusion

Plaintiff's motions fail for multiple, independent reasons. The request for a temporary restraining order or preliminary injunction is both procedurally defective and legally unsupported. Plaintiff has not provided any admissible evidence, nor have they articulated a coherent legal theory that would entitle them to extraordinary relief. The foreclosure sale at issue has already occurred, rendering most of Plaintiff's requested relief moot. Even if it were not moot, Plaintiff has not come close to meeting the high burden of proof required to justify enjoining foreclosure proceedings or setting aside a trustee sale.

Moreover, Plaintiff's motions are premised on discredited sovereign citizen theories and legally frivolous assertions that have been uniformly rejected by courts across the country. Plaintiff's request for sanctions is similarly baseless and relies on a series of misquoted or inapplicable authorities. The cases Plaintiff cites—Miller v.

5242306.1

Lewis, City of Cookeville, and Taggart v. Lorenzen—do not stand for the propositions asserted and have no bearing on the issues before the Court.

Finally, the individuals purporting to represent the Plaintiff trust in these proceedings are not licensed attorneys and may not lawfully represent the trust in federal court. Accordingly, the Court should decline to consider the motions until Plaintiff is represented by counsel.

For all these reasons, PNC Bank respectfully requests that the Court deny Plaintiff's motions in their entirety.

DATED: May 22, 2025                    WOLFE & WYMAN LLP

By: /s/ DAVID T. BLAKE
DAVID T. BLAKE, ESQ.
Nevada Bar No. 11059

### CERTIFICATE OF ELECTRONIC SERVICE

On May 22, 2025, I served the foregoing **PNC Bank's Consolidated Response to Plaintiff's Motions for Preliminary Remedies** by the following means to the persons as listed below:

☒   a.   **CM/EFC System**, electronic filing system of the United States District Court of Nevada.

WOLFE & WYMAN LLP

By: /s/ DAVID T. BLAKE
DAVID T. BLAKE, ESQ.
Nevada Bar No. 11059

5242306.1