Aaron D. Shipley (NSBN 8258)
Karyna M. Armstrong (NSBN 16044)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
ashipley@mcdonaldcarano.com
karmstrong@mcdonaldcarano.com

*Attorneys for Defendant Matrix Trust Company*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Coleman Family Revocable Living Trust, by and through Trustees Sahar Lewis and Pluyd Coleman,<br><br>Plaintiff,<br><br>v.<br><br>PNC Bank, N.A., Matrix Trust Company, Clear Recon Corp., Stefanie Armijo, Does 1 through 20,<br><br>Defendants. | Case No. 2:25-cv-00791-ART-DJA<br><br>**MATRIX TRUST COMPANY'S MOTION TO DISMISS** |

Defendant Matrix Trust Company ("Matrix"), by and through its undersigned attorneys, respectfully moves this Court, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss with prejudice Plaintiffs' Complaint ("Complaint"). As explained herein, Plaintiffs have failed to provide sufficient factual allegations to support their claims against Matrix. Accordingly, Plaintiffs' Complaint must be dismissed.

This Motion is made based on the following memorandum of points and authorities and any oral argument entertained by the Court at the time of the hearing on this motion.

Dated this 27th day of May, 2025.

McDONALD CARANO LLP

By: */s/ Aaron D. Shipley*
Aaron D. Shipley (NSBN 8258)
Karyna M. Armstrong (NSBN 16044)
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
ashipley@mcdonaldcarano.com
karmstrong@mcdonaldcarano.com

*Attorneys for Defendant Matrix Trust Company*

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Court should dismiss this case with prejudice under Federal Rule of Civil Procedure 12(b)(6) because Plaintiffs fail to state any legally cognizable claim. Even when construed liberally, the gravamen of Plaintiffs' Complaint is a demand for $180,000,000.00 in damages based on an alleged wrongful foreclosure and sale of the subject property. However, Plaintiffs have not pled sufficient factual allegations to support any viable cause of action against Matrix. Accordingly, the Court should dismiss Plaintiffs' Complaint in its entirety.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Based on the allegations in the Complaint, Plaintiffs seek to halt the foreclosure and sale of the real property located at 3139 Belvedere Drive, Henderson, Nevada 89104 (the "Property"). *See* Compl. at ¶¶ 1, 19–21. Plaintiffs allege they acquired title to the Property through the Coleman Family Revocable Living Trust (the "Trust"), for which Plaintiffs Sahar Lewis and Pluyd Coleman serve as Trustees. *Id.* at ¶¶ 1, 9. According to the Complaint, Plaintiffs notified PNC Bank, N.A. ("PNC") of the Property transfer and, as Trustees, accepted "all rights, title, benefits, interests, and equity owed." *Id.* at ¶¶ 10, 12. Plaintiffs further contend that the debt associated with the Property was discharged under UCC § 3-603 due to PNC's alleged failure to honor the transfer instrument. *Id.* at ¶¶ 14–15. Subsequently, Plaintiffs issued a Qualified Written Request ("QWR") to PNC, seeking a forensic accounting of the associated loan account. In response, PNC purportedly provided certain documentation. *Id.* at ¶¶ 16–18. On December 2, 2024, a Notice of Default was recorded against the Property. *Id.* at ¶ 20. Following Plaintiffs' failure to make payment, a Notice of Trustee's Sale was issued on March 27, 2025, scheduling a foreclosure sale approximately thirty (30) days later. *Id.* at ¶¶ 20–21. No specific factual allegations were asserted against Matrix.

On April 9, 2025, Plaintiffs filed a Complaint in the Eighth Judicial District Court for Clark County, Nevada, initiating Case No. A-25-916476-C (the "State Action"), asserting nine (9) causes of action against Defendants PNC, Matrix, Clear Recon Corp., and Stefanie Armijo. *Id.* The causes of action include: (1) wrongful foreclosure, (2) breach of contract, (3) violations of the Real Estate Settlement Procedures Act ("RESPA"), (4) securities fraud and misrepresentation, (5) quiet title, (6)

2

injunctive relief, (7) declaratory relief, (8) emergency relief, and (9) slander of title. Plaintiffs seek monetary damages in the amount of $180,000,000.00, as well as punitive damages, attorneys' fees and costs (despite proceeding pro se), declaratory relief quieting title, and injunctive relief enjoining the foreclosure. *Id.*

On April 18, 2025, Plaintiffs moved to Invoke Equity Jurisdiction, Enter Constructive Trust, and Accept Administrative Default. That same day, they also moved for Order Shortening Time to hear an Emergency Motion for Temporary Restraining Order ("TRO"). On May 2, 2025, the state court entered an order setting a hearing on Plaintiffs' Emergency Motion for TRO. On May 6, 2025, PNC removed the State Action to the United States District Court pursuant to 28 U.S.C. § 1332 based on diversity jurisdiction. On May 22, 2025, the state court entered an order denying Plaintiffs' emergency motions in light of the removal to federal court.

## III.    ARGUMENT

### A.    Legal Standard.

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Underwood v. O'Reilly Auto Parts, Inc.*, 671 F. Supp. 3d 1180, 1187 (D. Nev. 2023) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is plausible on its face if the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

While plaintiffs are not required to provide "detailed factual allegations," Rule 8 of the Federal Rules of Civil Procedure demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, a court should not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Tyla D. v. MGM Resorts Int'l*, No. 2:24-CV-00698-APG-BNW, 2024 WL 4839744, at *2 (D. Nev. Nov. 19, 2024) (quoting *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017)).

"[A] plaintiff's obligation to provide the grounds of [their] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do." *Twombly*, 550 U.S. at 555 (internal quotations omitted). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. A "plausibility" determination is a context-specific task that requires the reviewing court to draw on its judicial expertise and common sense." *Iqbal*, 556 U.S. at 679.

### B.   Plaintiffs Failed to Include Sufficient Factual Allegations to Support Their Causes of Action.

#### 1.   Wrongful Foreclosure.

"An action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." *Collins v. Union Fed. Sav. & Loan Ass'n*, 99 Nev. 284, 304, 662 P.2d 610, 623 (1983) (internal quotations and citations omitted); *see also Aguilar v. WMC Mortgage Corp.,* No. 2:09-CV-01416-ECR-PAL, 2010 WL 185951, at *2 (D. Nev. Jan. 15, 2010 (dismissing wrongful foreclosure claim because plaintiffs "were delinquent on their mortgage payments").  The critical factual issue in a wrongful foreclosure claim is whether the trustor was in default at the time the power of sale was exercised. *Id.*

In this case, Plaintiffs have failed to allege facts demonstrating that they were not in default on the loan secured by the Property and held by PNC. *See generally* Compl. Plaintiffs merely offer a conclusory assertion that "Defendants lack legal standing to foreclose due to the discharged debt and failure to validate the loan." *Id.* at ¶ 23. However, the allegations concerning the purported discharge of the debt are directed solely at PNC and do not implicate Matrix. *Id.* at ¶¶ 14–15. Accordingly, because Plaintiffs have not provided sufficient facts to support a claim for wrongful foreclosure against Matrix, this claim must be dismissed.

#### 2.   Breach of Contract.

Under Nevada law, breach of contract is a "material failure of performance of a duty arising under or imposed by agreement." *Bernard v. Rockhill Dev. Co.*, 103 Nev. 132, 135, 734 P.2d 1238, 1240 (1987) (citation omitted).  To establish breach of contract, a plaintiff must show: "(1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach."

4

*Tarr v. Narconon Fresh Start*, 72 F. Supp. 3d 1138, 1141 (D. Nev. 2014) (quotations and citation omitted).

Here, Plaintiffs have failed to allege facts sufficient to establish the existence of a valid contract—an essential element of a breach of contract claim. Rather than identifying a specific contractual agreement between the parties, Plaintiffs assert that the alleged "[n]otice of the Trust transfer" constituted "a negotiable instrument in good faith." Compl. at ¶¶ 10, 13. They further offer a generalized and conclusory allegation that they "performed under the contract and Defendants failed to honor the negotiable instrument." *Id.* at ¶ 25. However, Plaintiffs provide no factual detail regarding the formation, terms, or breach of the purported contract, nor do they allege when or how any breach occurred.

Accordingly, because Plaintiffs have not provided sufficient facts to support the existence of a valid and enforceable contract or a breach thereof, their breach of contract claim fails as a matter of law and must be dismissed.

        3.     *RESPA Violation.*

Plaintiffs appear to assert a claim under the Real Estate Settlement Procedures Act ("RESPA"), alleging that Defendants failed to validate their security interest following a purported Qualified Written Request ("QWR"). Compl. at ¶ 17. However, Plaintiffs lack standing to bring this claim against Matrix. Even accepting Plaintiffs' allegations as true, they have failed to demonstrate that they suffered any actual damages—an essential element of a RESPA claim. *See Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1246 (11th Cir. 2016). RESPA expressly requires a plaintiff to show that they sustained actual damages as a result of the alleged violation. *See* 12 U.S.C. § 2605(f)(1).

First, Plaintiffs' allegations concerning the alleged RESPA violation are directed solely at Defendant PNC, not Matrix. *See* Compl. at ¶¶ 13–18. Second, even assuming that Plaintiffs intended to assert this cause of action against Matrix—which they clearly have not—the Complaint still fails to allege any specific facts showing that Plaintiffs suffered damages as a direct result of the purported failure to respond to the QWR. Indeed, Plaintiffs acknowledge that PNC did respond to their request by providing documents. *Id.* ¶ 18.

Accordingly, Plaintiffs have neither stated a valid claim under RESPA against Matrix nor alleged any resulting damages. As such, this claim must be dismissed.

### 4. *Fraud and Misrepresentation.*

"To prove fraud in Nevada, a plaintiff must show by clear and convincing evidence the following elements: (1) a false representation (2) which the defendant knew to be false, (3) made with the intention of inducing the plaintiff to act in reliance upon the misrepresentation, and (4) upon which the plaintiff does in fact rely (5) to his detriment." *Laidman v. Clark*, No. 2:11-CV-00704-LRH-PAL, 2013 U.S. Dist. LEXIS 17430, at *5, 2013 WL 508169, at *5 (D. Nev. Feb. 8, 2013). Moreover, under Federal Rule of Civil Procedure 9(b), allegations of fraud must be pled with particularity. The complaint must "be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charge so that they can defend against the charge and not just deny that they have done nothing wrong." *Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotation and citation omitted).

Here, Plaintiffs' fraud allegations fall far short of this standard. The sole statement in the Complaint referencing fraud is a conclusory assertion that "Defendants misrepresented their lawful ability to enforce the Note." Compl. at ¶ 27. This allegation lacks any of the required detail concerning who made the alleged misrepresentation, when and where it was made, how it was false, and how Plaintiffs relied on it to their detriment. Because Plaintiffs have neither pled fraud with the specificity required by Rule 9(b) nor alleged facts sufficient to satisfy the substantive elements of fraud under Nevada law, this cause of action must be dismissed.

### 5. *Quiet Title.*

A quiet title action in Nevada is an in rem or quasi in rem proceeding governed by NRS 40.010, which provides: "An action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 129 Nev. 314, 302 P.3d 1103, 129 Nev. Adv. Op. 34 (2013). While a quiet title claim does not require a rigid set of elements, it is well established that "each party must plead and prove his or her own claim to the property in question," and a plaintiff's right to relief "depends on the superiority of title." *Yokeno v.*

*Mafnas*, 973 F.2d 803, 808 (9th Cir. 1992); *see also Hodges Transp., Inc. v. Nevada*, 562 F. Supp. 521, 522 (D. Nev. 1983).

Here, Plaintiffs fail to allege sufficient facts to support a quiet title claim. The Complaint merely states that Plaintiffs "seek to quiet title against Defendants' adverse claims." Compl. at ¶ 28. This assertion is unsupported by any factual allegations demonstrating Plaintiffs' interest in the property, the nature of the alleged adverse claims, or the superiority of Plaintiffs' title. Plaintiffs do not attach or reference any recorded deed, trust instrument, or other documentation evidencing a present interest in the property. Because Plaintiffs have not asserted facts establishing their own title, nor have they demonstrated that their claim is superior to any adverse interest, their cause of action for quiet title must be dismissed. *See Yokeno*, 973 F.2d at 808.

      6.     *Injunctive Relief and Emergency Relief – TRO and Preliminary Injunction.*

Matrix is entitled to dismissal of Plaintiffs' purported causes of action for preliminary injunction, injunctive relief, and emergency relief, as such claims are not standalone causes of action under Nevada law. Rather, injunctive relief is a remedy that may be awarded in connection with an underlying substantive claim. *See State Farm Mut. Auto. Ins. Co. v. Jafbros, Inc.*, 109 Nev. 926, 928, 860 P.2d 176, 178 (1993). As the Nevada Supreme Court has explained, injunctive relief is available "to restrain a wrongful act that gives rise to a cause of action." *Chateau Vegas Wine, Inc. v. S. Wine & Spirits of Am., Inc.*, 127 Nev. 818, 824, 265 P.3d 680, 684 (2011). Accordingly, Plaintiffs cannot maintain an independent cause of action solely for injunctive or emergency relief.

Even assuming, that such claims could be construed as independent causes of action, dismissal is still warranted because Plaintiffs have failed to allege irreparable harm—a necessary prerequisite for injunctive relief. "Irreparable harm is an injury for which compensatory damages are an inadequate remedy." *Excellence Cmty. Mgmt. v. Gilmore*, 131 Nev. 347, 353, 351 P.3d 720, 723 (2015) (internal quotation marks and citation omitted). Plaintiffs' Complaint contains no factual allegations establishing that Matrix has caused them any harm, let alone irreparable harm. Indeed, the Complaint is devoid of any specific assertions that would satisfy this standard.

For these reasons, Plaintiffs' claims for emergency relief and injunctive relief must be dismissed.

7. *Declaratory Relief.*

Plaintiffs seek a declaratory judgment that "Defendants have no lawful interest in the property." Compl. at ¶ 30. However, under Nevada law, declaratory relief is available only when the following elements are satisfied: (1) a justiciable controversy exists between parties with adverse legal interests; (2) the party seeking declaratory relief has a legally protectable interest in the controversy; and (3) the issue is ripe for judicial determination. *Cnty. of Clark ex rel. Univ. Med. Ctr. v. Upchurch*, 114 Nev. 749, 752, 961 P.2d 754, 757 (1998) (citing *Knittle v. Progressive Cas. Ins. Co.*, 112 Nev. 8, 10, 908 P.2d 724, 725 (1996)). Furthermore, "litigated matters must present an existing controversy, not merely the prospect of a future problem." *Doe v. Bryan*, 102 Nev. 523, 525, 728 P.2d 443, 444 (1986).

Plaintiffs' claim fails to satisfy these requirements. Notably, they do not allege any facts establishing that they possess a legally protectable interest in the property at issue. *See generally* Compl. Instead, Plaintiffs offer only a conclusory request for "a declaration that Defendants have no lawful interest in the property," without providing any supporting factual allegations or legal analysis to justify the requested relief. Plaintiffs' failure to articulate the nature of their own interest—or to explain why the Court should resolve the question of title—renders the claim insufficient as a matter of law.

Accordingly, because Plaintiffs have not established a justiciable controversy or a legally protectable interest in the property, their cause of action for declaratory relief must be dismissed.

8. *Slander of Title.*

Plaintiffs' slander of title claim fails as a matter of law. Under Nevada law, to prevail on a slander of title claim, a plaintiff must establish: (1) that the defendant made a false and malicious communication that disparaged the plaintiff's title to property; and (2) that the plaintiff sustained special damages as a result. *Day v. Longvue Mortg. Capital Inc.*, No. 2:19-cv-02072-GMN-VCF, 2020 WL 3196715, at *4 (D. Nev. June 12, 2020).

Plaintiffs' Complaint contains no allegations that Matrix or any of the other Defendants made any false or malicious statements concerning Plaintiffs' title to the property. *See generally* Compl. In fact, Plaintiffs fail to allege that any communication from Defendants occurred at all—let alone

one that could be construed as defamatory or disparaging to Plaintiffs' interest in the property. This omission alone is fatal to their claim. Because Plaintiffs have not identified any allegedly disparaging communication, they likewise fail to allege the requisite element of special damages. *See Day*, 2020 WL 3196715, at *4. Absent any factual allegations supporting either element of the claim, Plaintiffs have not stated a viable cause of action for slander of title.

Accordingly, Plaintiffs' slander of title claim must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Matrix respectfully requests that this Court dismiss Plaintiffs' first through ninth claims for relief asserted against Matrix for failure to state a claim upon which relief can be granted.

Dated this 27th day of May, 2025.

McDONALD CARANO LLP

By: /s/ Aaron D. Shipley
Aaron D. Shipley (NSBN 8258)
Karyna M. Armstrong (NSBN 16044)
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
ashipley@mcdonaldcarano.com
karmstrong@mcdonaldcarano.com

*Attorneys for Defendant Matrix Trust Company*

9

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of May, 2025, a true and correct copy of **MATRIX TRUST COMPANY'S MOTION TO DISMISS** was served via the United States District Court CM/ECF system on all parties or persons requiring notice.

By: */s/ Shilah Bettinger*
    An employee of McDonald Carano LLP