David T. Blake, Esq.
Nevada Bar No. 11059
Wolfe & Wyman LLP
6757 Spencer Street
Las Vegas, NV  89119
Tel: (702) 476-0100
Fax: (949) 475-9203
*dtblake@ww.law*

Attorneys for Defendant PNC Bank

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Coleman Family Revocable Living Trust, by and through Trustees Sahar Lewis and Pluyd Coleman,<br><br>Plaintiffs,<br>v.<br><br>PNC Bank, N.A., Matrix Trust Company, Clear Recon Corp., Stefanie Armijo, Does 1 through 20,<br><br>Defendants. | CASE NO.:  2:25-cv-00791<br><br>**PNC Bank's Motion to Dismiss First Amended Complaint** |

    PNC Bank, N.A. ("PNC Bank"), by and through its counsel of record, Wolfe & Wyman LLP, hereby moves to dismiss Plaintiffs' First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the First Amended Complaint fails to state a claim upon which relief can be granted. This motion is supported by the accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this action, and any oral argument the Court may permit.

5255853.1

# I.

## Introduction

Plaintiffs' First Amended Complaint ("FAC") fails to state any viable claim for relief against PNC Bank. As an initial matter, the newly named Plaintiffs in the FAC lack standing to bring this case and/or represent the Coleman Family trust. In the initial Complaint, Plaintiff was the Coleman Family Revocable Living Trust, by and through Trustees Sahar Lewis and Pluyd Coleman, and the trust attempted to appear *pro se*. But this Court instructed the trust that it could not appear *pro se* and needed to obtain representation. Instead of obtaining representation, the First Amended Complaint was amended and the Plaintiffs are now Pluyd Coleman and Sahar Lewis, individually. Plaintiffs are unable to make an end run around this Court's prior order through the FAC.

Further, on its merits, the FAC asserts causes of action for breach of contract, securities fraud, wrongful foreclosure, and quiet title, each claim is either legally deficient, impermissibly vague, or both. Plaintiffs' allegations center on the notion that they satisfied their mortgage debt by tendering an unspecified "negotiable instrument," and that PNC Bank wrongfully rejected it and proceeded with foreclosure. But the FAC provides no detail regarding the timing, amount, or nature of the alleged payment, and no factual basis to support the conclusion that PNC Bank's actions were wrongful or unlawful.

The other allegations in the FAC provide no more substance. The FAC's attempt to assert a RESPA-based violation is unsupported and fails to identify any actionable conduct or resulting damages. The securities fraud claim relies on statutes that are inapplicable to a consumer mortgage transaction and is pleaded without any factual particularity. The wrongful foreclosure claim is not supported by any allegation that Plaintiffs were current on their loan or that PNC Bank lacked authority to foreclose. And the quiet title claim is entirely derivative of the wrongful foreclosure theory and fails for the same reasons.

Because Plaintiffs have failed to plead sufficient facts under any recognized theory of liability, the FAC should be dismissed in its entirety under Rule 12(b)(6).

## II.
## Background

### A.   Factual Background

On or about December 21, 2020, a Grant, Bargain, Sale Deed was recorded reflecting that Plaintiff Sahar Lewis acquired title to the subject property located at 3139 Belvedere Dr. in Henderson, Nevada 89014 (the "Property"). Subsequently, on December 14, 2021, a Deed of Trust was recorded against the property to secure a mortgage loan of $270,000.00 given by North American Financial Corp. to Sahar Lewis as borrower. The Deed of Trust named Mortgage Electronic Registration Systems, Inc., as nominee for the lender and its successors, as the beneficiary. This loan and Deed of Trust form the basis of Plaintiffs' claims.

### B.   Judicially Noticeable Matters

A court may take judicial notice of matters of public record pursuant to Federal Rules of Evidence, Rule 201, when deciding a motion to dismiss for failure to state a claim. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012). Here, the documents recorded in the Clark County Recorder's Office are judicially noticeable and show the following facts:

On or about December 21, 2020, a Grant, Bargain, Sale Deed was recorded, reflecting that Sahar Lewis acquired title to the Property. See Exhibit 1, attached hereto.

On or about December 14, 2021, a Deed of Trust was recorded, encumbering the Subject Property. The Deed of Trust secured a loan in the original principal amount of $270,000.00 made by North American Financial Corp. (as lender) to Sahar Lewis (as borrower). Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for the lender and its successors and assigns, was identified as the beneficiary under the Deed of Trust. See Deed of Trust, attached hereto as Exhibit 2.

On or about June 14, 2024, an Assignment of Deed of Trust was recorded, transferring all rights, title, and interest in the Deed of Trust from MERS, as nominee for North American Financial Corp., to PNC Bank, National Association. See Exhibit 3, attached hereto.

On or about April 3, 2025, a Corporate Assignment of Deed of Trust was recorded, reflecting that the beneficial interest under the Deed of Trust was assigned from PNC Bank, National Association to Federal Home Loan Mortgage Corporation. See Exhibit 4, attached hereto.

On or about May 7, 2024, a Quitclaim Deed was recorded, reflecting that Sahar Lewis transferred the Subject Property to herself and Pluyd Coleman Jr. as trustees of the Coleman Family Revocable Living Trust, dated September 17, 2023 (the "Trust"). See Exhibit 5, attached hereto.

On or about December 2, 2024, a Notice of Default and Election to Sell Under Deed of Trust was recorded. The Notice states that a default occurred based on nonpayment of the installment due on April 1, 2024, and all subsequent payments. Clear Recon Corp. was identified as the trustee, and PNC Bank, National Association was named as the beneficiary at the time of recording. See Exhibit 6, attached hereto.

On or about May 9, 2025, a foreclosure trustee's sale was conducted by Clear Recon Corp., as trustee under the Deed of Trust. At the sale, the Subject Property was sold for the amount of $280,000.00.

C.  **Allegations in the FAC**

The FAC is comprised almost entirely of conclusory statements. Plaintiffs allege that they tendered a negotiable instrument to PNC Bank in satisfaction of their mortgage loan, and that PNC Bank improperly rejected it, yet they fail to allege when the tender occurred, the amount tendered, or any facts explaining why PNC Bank's rejection was improper. See ECF no. 27 at ¶ 10. Plaintiffs also claim they submitted a Qualified Written Request under RESPA, but they do not identify the specific RESPA provision allegedly violated, the content of the purported response, or any resulting

5255853.1

damages. *Id.* ¶ 11. Additionally, they allege that PNC Bank foreclosed on the property while litigation was pending, but provide no context or legal basis for why this was improper. *Id.* ¶ 13.

The FAC attempts to assert four causes of action premised on these bare allegations: (1) Breach of Contract, (2) Securities Fraud, (3) Wrongful Foreclosure, and (4) Quiet Title. *See id.* at 3–4. As explained below, each claim should be dismissed because it is either (a) insufficiently pleaded, lacking the necessary factual detail and specificity, or (b) based on an incorrect or unsupported legal theory.[1]

## III.

## Legal Standard

A Motion to Dismiss under Rule 12(b)(6) "may only be granted when it is clear to the Court that "no relief could be granted under any set of facts that could be proven consistent with the allegations." *FTC v. Johnson*, No. 2:10-cv-02203-MMD-GWF, 2013 U.S. Dist. LEXIS 80341, at *23 (D. Nev. June 6, 2013) (internal quotation omitted) (citing *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988)). "Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory." *Id.* (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"A plaintiff's complaint <u>must</u> allege facts to state a claim for relief that is plausible on its face." *FTC v. Johnson*, at *23 (emphasis added) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). "A claim has 'facial plausibility' when the party seeking relief 'pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[1] It is worth noting that the First Amended Complaint appears to bear several hallmarks of AI-generated content, including horizontal lines, vague and conclusory language, lack of factual development, and absence of legal citations or evidentiary detail. While the use of drafting technology is not improper in itself, it may explain the generalized and unsupported nature of the allegations, which fall well short of federal pleading standards.

1  misconduct alleged.'" *Id*. at *23-24 (quoting *Iqbal*, 556 U.S. at 677, 129 S. Ct. 1937).
2  "Although the Court must accept as true the well-pled facts in a complaint, conclusory
3  allegations of law and unwarranted inferences will not defeat an otherwise proper
4  Rule 12(b)(6) motion." *Id.* (internal citations omitted). "[A] plaintiff's obligation to
5  provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and
6  conclusions, and a formulaic recitation of the elements of a cause of action will not
7  do. Factual allegations must be enough to raise a right to relief above the speculative
8  level." *Id*. (alterations in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,
9  555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citations and footnote omitted)). The
10 Court does not supply a central element of a claim that a plaintiff fails to plead.
11 *Richards v. Harper*, 864 F.2d 85, 88 (9th Cir. 1988).
12       In addition to these minimal requirements, "[f]raud claims must meet a
13 heightened pleading standard under Federal Rule of Civil Procedure 9(b), which
14 requires a party to "state with particularity the circumstances constituting fraud." *FTC*
15 *v. Johnson*, at *24. "The plaintiff <u>must</u> plead with particularity the who, what, when,
16 where, and how of the misconduct charged." *Id*. (emphasis added) (quoting *Vess v.*
17 *Ciba—Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir.2003) (internal quotation
18 marks omitted)). "Rule 9(b) demands that, when averments of fraud are made, the
19 circumstances constituting the alleged fraud be specific enough to give defendants
20 notice of the particular misconduct so that they can defend against the charge and not
21 just deny that they have done anything wrong." *Id*. (quoting *Vess*, 317 F.3d at 1108)
22 (internal quotation marks omitted)).
23       The Court "may consider certain materials -- documents attached to the
24 complaint, documents incorporated by reference in the complaint, or matters of
25 judicial notice -- without converting the motion to dismiss into a motion for summary
26 judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (internal
27 citations omitted). "Certain written instruments attached to pleadings may be
28 considered part of the pleading." *Id*., *see also* Fed. R. Civ. P. 10(c).

5255853.1

# IV.

# Argument

**A. The substitution of Coleman and Lewis in their individual capacities does not cure the standing deficiencies or the prohibition against trustee self-representation by non-attorneys.**

Before addressing the substantive deficiencies in the First Amended Complaint, it is necessary to address preliminary issues of standing and the prohibition against trustee self-representation by non-attorneys.

**1. Despite being named individually, Lewis and Coleman are still attempting to represent the Trust, which they cannot do without licensed counsel.**

As the Court has already recognized, the right to self-representation is personal and does not extend to representation of a separate legal entity such as a trust. *Guerin v. Guerin*, 116 Nev. 210, 214 (2000). A trust must appear in court through licensed counsel. *Id.*; *see also Salman v. Newell*, 110 Nev. 1333, 1335 (1994); *Hale Joy Trust v. Commissioner*, 57 Fed. Appx. 323 (9th Cir. 2003); NRS 7.28; Supreme Court Rule 77.

Here, Plaintiffs have admitted, and this Court can take judicial notice, that Plaintiffs transferred the property to their trust. *See* Ex. 5; ECF No. 7 at 1-2 (alleging that the Trust is the owner of the Property).

Plaintiffs do not own the Property and, thus, because the claims relate to possession, title, and foreclosure of the property, the Trust is the real party in interest. The Trust must assert these claims through counsel and Plaintiffs are not counsel. Dismissal is required for this reason alone.

**2. Coleman lacks standing to raise any claims because he is neither the borrower nor an owner of the Property.**

The question of standing focuses on whether the party seeking adjudication has a substantive right that is enforceable under the substantive law. *See Szilagyi v. Testa*, 99 Nev. 834, 838 (1983); NRCP 17(a). In diversity cases, this question is resolved by state law. *Am. Triticale, Inc. v. Nytco Services, Inc.*, 664 F.2d 1136, 1141 (9th Cir.

7

1981). "[A] party has standing to assert only its own rights and cannot raise the claims of a third party not before the court." *High Noon at Arlington Ranch Homeowners Ass'n v. Eighth Judicial Dist. Court*, 133 Nev. 500, 507 (2017).

Here, the relevant loan documents—specifically, the Deed of Trust recorded on December 14, 2021—identify Sahar Lewis as the sole borrower. Coleman is not a borrower on the loan and was not an owner of the property until May 7, 2024, when a quitclaim deed was recorded transferring title to the Trust. That transfer occurred well after the loan originated and after the alleged tender and QWR events at the center of this dispute.

As a result, Coleman has no legally cognizable interest in the claims arising from the origination, servicing, or enforcement of the loan. He is not a party to the loan agreement and cannot assert claims on behalf of a borrower. His interests are not sufficient to create standing for claims that accrued before he held any involvement with the loan.

Accordingly, for this separate and independent reason, Coleman should be dismissed for lack of standing.

**B.    The FAC's breach of contract claim is based on an impermissibly vague and unsupported allegation of tender**

Turning now to each of the causes of action alleged in the Complaint, the FAC's first claim for relief is for breach of contract. To establish a claim for breach of contract, Plaintiffs must allege: (1) formation of a valid contract; (2) performance or excuse of performance by the plaintiffs; (3) material breach by the defendant; and (4) damages. *Padilla Constr. Co. of Nevada v. Big-D Constr. Corp.*, 132 Nev. 1014 (2016); *Johnston v. Int'l Mixed Martial Arts Fed'n*, 2:14-CV-941-JAD-NJK, 2015 WL 273619, at *3 (D. Nev. Jan. 22, 2015). The FAC alleges that PNC Bank breached a contract with Plaintiffs by "failing to apply payment, failing to properly respond to a QWR, and proceeding with foreclosure despite payment and dispute." ECF No. 27 at ¶ 17. The QWR and wrongful foreclosure allegations are addressed below. These

8

1 allegations cannot support a claim for breach of contract.

2 The remaining allegation—that Plaintiffs tendered a negotiable instrument that PNC Bank rejected—is both vague and unsupported. To begin with, the nature of the alleged tender is unclear. Plaintiffs do not specify whether they attempted to pay the full balance of the loan, which PNC Bank declined, or whether they offered a lesser amount purportedly in full satisfaction of the debt under the doctrine of accord and satisfaction. Under either scenario, the FAC fails to state an actionable claim for relief.

### 1. The FAC does not state a claim for accord and satisfaction.

Under Nevada law, a litigant must satisfy three elements to state a claim for accord and satisfaction: (1) a bona fide dispute over an unliquidated amount; (2) a payment tendered in full settlement of the entire dispute; and (3) an understanding by the creditor of the transaction as such, and acceptance of the payment. *Pierce Lathing Co. v. ISEC, Inc.*, 114 Nev. 291, 297 (1998). The Nevada Supreme Court has reiterated that "a prerequisite for the finding of an accord and satisfaction is a clearly established meeting of the minds." *Id.*; *see also Matthews v. Collman*, 110 Nev. 940, 947, 878 P.2d 971, 976 (1994).

In this case, the FAC offers only an ambiguous reference to a "settlement payment" that was tendered, without any detail about the amount or any agreement by PNC Bank to accept it as full settlement. Plaintiffs do not describe any communications showing that PNC Bank knowingly agreed to discharge the $270,000 loan obligation in exchange for this payment. There are no facts indicating a meeting of the minds or that PNC Bank understood the payment to be in full satisfaction of the loan. And, in fact, the allegations of foreclosure cut against such a conclusion. Absent such factual allegations, Plaintiffs cannot establish an accord and satisfaction. Accordingly, to the extent the FAC relies on an accord-and-satisfaction theory, it fails to state a claim and cannot support any cause of action.

5255853.1

### 2. The FAC does not state that Plaintiffs tendered the full payoff amount or terms proposed with the alleged tender.

Likewise, Plaintiffs failed to allege that they tendered the full payoff amount of the loan because their tender allegation is pleaded in a conclusory manner without the requisite supporting facts. The FAC does not specify when this supposed payoff was made, how much was paid, how it was tendered, and what additional terms these self-represented plaintiffs offered with the tender. Critically, *Plaintiffs never state that the amount tendered was equal to the total outstanding balance of the loan*. If Plaintiffs are claiming the loan was completely paid off, one would expect the complaint to include facts such as the loan balance at the time and a statement that Plaintiffs paid that amount (or a calculation showing full satisfaction). Instead, the FAC gives none of these details. It merely concludes that a payment was made and that the loan should be considered satisfied. Such a threadbare assertion is not entitled to any presumption of truth on a motion to dismiss. The Supreme Court has made clear that a plaintiff must plead factual content, not just labels or conclusions, to push a claim from conceivable to plausible. Because Plaintiffs have not alleged facts showing that they actually tendered the full amount owed on the loan, their payoff/tender allegation is deficient. This defect is fatal to any claim predicated on the notion that the loan was satisfied and PNC Bank had no right to enforce further payment.

### C. The FAC's securities fraud claim relies on inapplicable authority and is entirely conclusory.

Plaintiff's second cause of action is a four-paragraph request seeking damages for securities fraud under 15 U.S.C. §§ 77q, 78j; NRS Chapter 90. ECF no. 27 at ¶ 20-23. This claim is legally baseless and does not satisfy FRCP 9(b)'s heightened specificity requirement.

Each of the statutes relied on is inapplicable to Plaintiff's claims. 15 U.S.C. § 77q prohibits engaging in fraud when selling securities. The consumer loan transaction identified in the complaint does not fall within the definition of security under 15 U.S.C. § 77(b)(a)(1). Accordingly, 15. U.S.C. § 17q cannot give rise to

5255853.1

liability.

15 U.S.C. § 78j prohibits certain conduct in connection with "any national securities exchange." Again, the loan transaction identified in the FAC does not fall within the definition of "exchange" under 15 U.S.C. § 78c(a)(1).

NRS 91.010 provides: "This chapter is not intended to create any rights or remedies upon which actions may be brought by private persons against persons who violate the provisions of this chapter." Thus, NRS Chapter 90 cannot be a basis for Plaintiffs' claims.

In addition to these plain legal deficiencies, the fraud claim fails to satisfy the heightened pleading requirements. The FAC fails to identify what specific facts were allegedly concealed, what misrepresentations were made, when or how they were communicated, or who at PNC Bank made them. The FAC's conclusory and generalized statements do not provide the required particularity and are insufficient to place the defendant on notice of the alleged fraud.

Plaintiffs' claims based on securities fraud or deceptive practices should be dismissed.

**D.  The FAC's wrongful foreclosure claim does not allege cognizable legal or factual defects in the foreclosure process.**

The FAC's cause of action for wrongful foreclosure is deficient because Plaintiffs do not allege the required elements. Under Nevada law, a wrongful foreclosure claim generally requires the plaintiff to plead that no breach of condition of the deed of trust (no default) existed at the time the power of sale was exercised, or that the foreclosing party otherwise had no legal right to foreclose. *Collins v. Union Fed. Sav. & Loan Ass'n*, 99 Nev. 284, 304 (1983).

Here, the FAC does not meaningfully allege either that the Plaintiffs were not in default or that PNC Bank had no legal right to foreclose. Instead, Plaintiffs argue that they "tendered payment in full," "initiated dispute procedures," and that PNC Bank foreclosed "despite notice of pending litigation and lis pendens." ECF No. 27 at ¶¶ 26-

11

5255853.1

27. These are vague, conclusory, and generic statements that do not satisfy the notice pleading standard. In fact, Plaintiffs' theory implies that they *were* in default but attempted to cure it by a belated payment (the alleged tender). Nowhere do they claim to have fully and timely performed under the loan. Moreover, Plaintiffs identify no procedural defect in the foreclosure process under Nevada's statutes and no fact suggesting that PNC Bank lacked authority to foreclose. Their wrongful foreclosure claim is founded solely on the argument that the foreclosure should not have proceeded because of the purported settlement or payoff or because they disputed enforcement or the security interest. These premises are not supported by sufficient facts. This Court should therefore dismiss the wrongful foreclosure cause of action.

### E.   The FAC's quiet title claim is entirely derivative of the defective wrongful foreclosure claim.

Plaintiffs' quiet title cause of action rests entirely on the premise that the foreclosure of their property was wrongful. In other words, they claim that their title has been clouded solely because PNC Bank allegedly had no right to foreclose. ECF No. 27 at ¶ 34. However, as demonstrated above, Plaintiffs have failed to plead any viable basis for wrongful foreclosure. They do not allege that they were current on the loan at the time of foreclosure, nor do they identify any substantive defect in the foreclosure process itself. Absent a valid challenge to the foreclosure, the quiet title claim necessarily fails.

A quiet title action requires the plaintiff to allege a present adverse claim to title. *See Chapman v. Deutsche Bank Nat'l Tr. Co.*, 302 P.3d 1103, 1106 (Nev. 2013). Plaintiffs allege no actual, substantive facts establishing that they hold superior title. Moreover, PNC Bank does not hold title against Plaintiff. The buyer at the foreclosure sale is the party with a claim to title. Because Plaintiffs have not stated any actionable claim that would invalidate the foreclosure or establish superior title, their quiet title cause of action should be dismissed.

5255853.1

### F. The FAC's RESPA allegations are deficient because they do not identify the substance of Plaintiffs' QWR, a substantive violation by PNC Bank, or damages.

The FAC does not assert a separate cause of action for RESPA but does reference both a QWR and RESPA. ECF No. 20 at ¶ 11, 17. These oblique references to a QWR and RESPA do not provide any meaningful information that, if true, would show PNC Bank is liable to Plaintiffs for a RESPA violation. Mere recitation of a failure to respond to a Qualified Written Request ("QWR") does not state a claim for a RESPA violation. *See Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 666 (9th Cir. 2012). The Plaintiff must allege facts demonstrating (1) actual receipt by the servicer, (2) specific information requested related to servicing, and (3) damages caused by the alleged noncompliance. *See id.* Additionally, courts in this district require "a QWR to specifically state the belief that there are errors in servicing of a loan, rather than assert disputes about the creation or modification of a loan." *Guerra v. Just Mortgage, Inc.*, 2:10-CV-00029-KJD, 2013 WL 1561114 (D. Nev. Apr. 12, 2013). A plaintiff must show "pecuniary damages in order to state a claim." *Allen v. United Financial Mortg. Corp.*, 660 F.Supp.2d 1089, 1097 (N.D.Cal.2009). Any damages alleged must be causally related to the violation. *Jones v. ABN AMRO Mortgage Grp., Inc.,* 551 F. Supp. 2d 400, 409 (E.D. Pa. 2008) *aff'd,* 606 F.3d 119 (3d Cir. 2010) (Plaintiff must establish causation). A plaintiff is only entitled to recover for the loss that relate to the RESPA violation, not for all losses related to foreclosure activity. *See Foley v. Wells Fargo Bank, N.A.*, No. 3:10-CV-00702-RCJ, 2012 WL 4052022, at *6 (D. Nev. Sept. 13, 2012).

Here, Plaintiffs' bare allegation that they submitted an unspecified request and that PNC Bank failed to "validate the debt or provide a full accounting" is exactly the sort of formulaic recitation that cannot survive a Rule 12(b)(6) motion. The FAC does not identify any specific provision of RESPA that was violated, nor does it describe what conduct by PNC Bank gave rise to the need for a QWR. And the claim would still fail because Plaintiffs have not alleged any resulting harm. RESPA provides for a

private cause of action only if the borrower suffers actual damages from the servicer's violation or can show a pattern or practice of noncompliance for additional statutory damages. *See* 12 U.S.C. § 2605(f)(1); *Noble v. Caliber Home Loans, Inc.*, 727 Fed. Appx. 440 (9th Cir. 2018).

Because Plaintiffs allege no concrete harm and no specific RESPA violation, their RESPA allegations are not plausible and should be dismissed.

## V.
## Conclusion

Plaintiffs' First Amended Complaint should be dismissed in its entirety. Plaintiffs lack standing to assert the claims alleged, and their continued attempt to prosecute this case without counsel on behalf of a trust is impermissible under settled law. Even if those threshold issues could be overcome, each of the asserted causes of action is fatally deficient—either because it is based on an inapplicable legal theory or because it is pled in conclusory terms without the factual detail required to state a claim under Rule 12(b)(6). Plaintiffs have already amended their complaint once and have failed to cure these defects. Accordingly, the Court should dismiss the First Amended Complaint with prejudice.

DATED: June 4, 2025                              WOLFE & WYMAN LLP

By: */s/ DAVID T. BLAKE*
    DAVID T. BLAKE, ESQ.
    Nevada Bar No. 11059

14

5255853.1

# CERTIFICATE OF ELECTRONIC SERVICE

On May 22, 2025, I served the foregoing **PNC Bank's Motion to Dismiss First Amended Complaint** by the following means to the persons as listed below:

☒     a.     **CM/EFC System**, electronic filing system of the United States District Court of Nevada.

WOLFE & WYMAN LLP

By: /s/ DAVID T. BLAKE
       DAVID T. BLAKE, ESQ.
       Nevada Bar No. 11059

5255853.1