Pluyd Coleman, Sahar Lewis, Co-Trustees of the Coleman Family ~~Revocable Living Trust, et al.~~,
**Plaintiffs,**
v.
PNC Bank, N.A., et al.,
**Defendants.**



UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Case No. 2:25-cv-00791-ART-DJA

**PLAINTIFFS' OPPOSITION TO DEFENDANT PNC BANK'S MOTION TO DISMISS**

## I. INTRODUCTION

Plaintiffs oppose Defendant PNC Bank, N.A.'s Motion to Dismiss ("MTD") and submit that the First Amended Complaint ("FAC") presents well-pleaded facts, supported by evidence and controlling law, that preclude dismissal at this stage. Plaintiffs lawfully discharged the alleged debt using valid commercial instruments, submitted all required notices and documentation, and were nonetheless subjected to an unlawful foreclosure. These facts give rise to viable claims for wrongful foreclosure, RESPA violations, securities fraud, and quiet title.

## II. FACTUAL BACKGROUND AND LEGAL OVERVIEW

Plaintiffs tendered a discharge package including a negotiable instrument, USPS proof of service, and a Qualified Written Request (QWR), all delivered to PNC and its indentured trustee, Matrix Trust Company. These documents sought a full accounting, demanded validation of the debt, and challenged the legitimacy of any foreclosure action. PNC failed to respond, proceeded with foreclosure, and caused damages including clouded title, legal expenses, and emotional distress.

## III. ARGUMENT

### A. RESPA VIOLATIONS

PNC's failure to respond to Plaintiffs' QWR violates the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605(e). Plaintiffs' QWR identified account servicing issues and sought documentation verifying the debt. In **Medrano v. Flagstar Bank**, the Ninth Circuit held that

failure to respond to a valid QWR violates RESPA and may entitle the borrower to actual damages.

*"Servicers have a duty to provide meaningful responses to borrower inquiries regarding loan servicing." – Medrano v. Flagstar Bank*, 704 F.3d 661, 666–67 (9th Cir. 2012).

The District of Nevada similarly held in **Guerra v. Just Mortgage, Inc.** that a borrower who submits a valid QWR and receives no substantive response has stated a plausible RESPA claim.

*"The Court finds that Plaintiff has sufficiently alleged a plausible RESPA violation and that foreclosure was initiated in the absence of a valid response to a QWR." – Guerra v. Just Mortgage, Inc.*, No. 2:11-cv-01821, 2013 WL 1561114, at *4 (D. Nev. Apr. 12, 2013).

### B. WRONGFUL FORECLOSURE

PNC wrongfully foreclosed on the subject property despite receiving a full discharge and without producing evidence of default or legal authority. Nevada law defines wrongful foreclosure as a foreclosure initiated without default or by a party without authority.

*"A wrongful foreclosure claim may be brought when a foreclosure is carried out despite the absence of default or by a party not legally entitled to foreclose." – Collins v. Union Fed. Sav. & Loan Ass'n*, 99 Nev. 284, 304 (1983).

The FAC alleges the debt was satisfied, PNC had no authority to foreclose, and Plaintiffs notified all parties of the discharge. These facts are sufficient to state a claim under Nevada law.

### C. QUIET TITLE

Because the foreclosure was unlawful and the debt discharged, PNC's claim to title is void. Plaintiffs assert a superior interest based on discharge and wrongful foreclosure.

*"A plaintiff may bring an action to quiet title where they allege a superior claim and challenge the legitimacy of the foreclosure sale." – Chapman v. Deutsche Bank Nat'l Tr. Co.*, 129 Nev. 314, 302 P.3d 1103, 1106 (2013).

### D. SECURITIES FRAUD (

The FAC alleges the loan was securitized without proper disclosure or trust assignment, resulting in material misrepresentations and omissions in violation of the Securities Act. While this claim may require discovery, it is sufficient to survive dismissal under the notice pleading standard of Fed. R. Civ. P. 8.

---

## IV. CONCLUSION

Plaintiffs have stated valid claims for RESPA violations, wrongful foreclosure, quiet title, and securities fraud. The FAC contains specific factual allegations, documentary exhibits, and references to settled law sufficient to survive a Rule 12(b)(6) motion.

**WHEREFORE,** Plaintiffs respectfully request that this Court **DENY** Defendant PNC Bank's Motion to Dismiss in its entirety.

DATED: June 10, 2025
Respectfully submitted,

By: /s/ Pluyd Coleman  UCC 1-308
Pluyd Coleman, Co-Trustee

By: /s/ Sahar-Amanda Lewis  UCC 1-308
Sahar Lewis, Co-Trustee
Coleman Family Revocable Living Trust