By Trustees PLUYD COLEMAN and SAHAR LEWIS, Plaintiffs,
v.
PNC BANK, N.A., et al., Defendants.



# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Case No. 2:25-cv-00791-ART-DJA

## MOTION TO COMPEL RULE 26(f) CONFERENCE, INITIAL DISCLOSURES, AND VERIFIED ACCOUNTING PURSUANT TO FRCP 26(f), 37(a), AND DEMAND FOR SANCTIONS

COMES NOW the Plaintiffs, Trustees Pluyd Coleman and Sahar Lewis, in propria persona for the Coleman Family Revocable Living Trust, and hereby respectfully move this Court for an Order compelling Defendants and their counsel, David T. Blake to participate in a Rule 26(f) conference, provide initial disclosures pursuant to Rule 26(a)(1), and produce verified accounting records responsive to Plaintiffs' claims, particularly regarding alleged tender, securitization, and servicing of the alleged obligation.

This Motion is brought pursuant to Federal Rules of Civil Procedure 26(f), 37(a)(1), and 37(d), and supported by the attached Affidavit, evidencing prior lawful tender, refusal by PNC Bank, and obstruction by Defendant's counsel.

### I. FACTUAL BACKGROUND

On or about May 22, 2025, Plaintiffs served notice and proposed dates for a Rule 26(f) discovery planning conference upon Defendant's counsel, David T. Blake As of the date of this filing, Plaintiffs have received no response, confirmation, nor counterproposal, constituting a direct violation of Rule 26(f).

Plaintiffs' complaint alleges securities fraud, breach of contract, and wrongful foreclosure stemming from Defendants' dishonor of lawful tender, refusal to provide verified accounting, and concealment of essential material facts surrounding the alleged debt.

The hearing before this Court was specifically to determine whether the foreclosure sale should be voided. Plaintiffs assert that the foreclosure was carried out despite full performance via remittance and tender, without verified rebuttal, and without any valid accounting ever being produced. Defendants' refusal to comply with Rule 26(f) and discovery obligations is not merely procedural neglect but constitutes obstruction of

material facts necessary to determine whether any party had lawful standing or authority to foreclose.

## II. LEGAL STANDARD

Rule 26(f), Fed. R. Civ. P. requires that the parties confer "as soon as practicable" and at least o21 days before a Rule 16(b) scheduling conference. Failure to do so frustrates judicial economy and impedes the Plaintiff's access to discovery.

Rule 37(a)(1), Fed. R. Civ. P. allows a party to move for an order compelling disclosure or discovery when the opposing party fails to cooperate in good faith.

Rule 37(d)(1)(A) permits the Court to order sanctions against a party who fails to appear at the Rule 26(f) conference or who fails to serve initial disclosures as required.

Where the issue before the Court involves the validity of a foreclosure sale, and the underlying obligation is in question due to discharge, tender, or accounting fraud, the refusal to disclose material records should be considered as grounds for equitable relief and to declare the sale void ab initio.

## III. RELIEF REQUESTED

Plaintiffs respectfully request:
1. An Order compelling Defendant and its counsel to immediately confer under Rule 26(f) and submit a joint discovery plan;
2. An Order compelling Defendant to produce initial disclosures under Rule 26(a), including:
   - Verified accounting ledger entries,
   - Original loan funding details,
   - Chain of title to the note and deed of trust,
   - Securitization or servicing agreements;
3. An Order compelling verified response to prior lawful tender and discharge made by Plaintiffs in compliance with UCC 3-603;
4. Sanctions against Defendant's counsel for failure to engage in good faith discovery obligations and for making disparaging remarks during the preliminary hearing

5. A declaration that the foreclosure sale was premature, unlawful, and void, as it occurred during a pending good faith dispute, and before verified creditor standing was demonstrated;
6. Any other relief the Court deems just and proper.

## IV. CONCLUSION

Defendant's refusal to comply with Rule 26(f), compounded by its ongoing failure to disclose verified accounting or participate in discovery in good faith, prejudices the Plaintiffs and delays the just resolution of this matter.

Because the purpose of the hearing was to determine the validity of the foreclosure sale, and

given that Plaintiffs' performance was tendered and dishonored without verified rebuttal, Plaintiffs assert that the foreclosure lacked lawful basis and must be deemed void. The Defendant's refusal to engage in mandatory pretrial discovery further impairs the ability of this Court to assess whether a bona fide debt or standing ever existed.

Respectfully submitted,
DATED this June 16, 2025.

*[signature]* ucc 1-308

Pluyd Coleman, Trustee
Coleman Family Revocable Living Trust

Sahar Lewis, Trustee    by: *Sahar-Amanda: Lewis* ucc 1-308 without prejudice
Coleman Family Revocable Living Trust

**[PROPOSED] ORDER**

Having reviewed Plaintiffs' Motion to Compel Rule 26(f) Conference, Initial Disclosures, and Verified Accounting, and finding good cause shown:

IT IS HEREBY ORDERED that:

1. Defendants shall respond to Plaintiffs' Rule 26(f) request and participate in a conference within 7 days of this Order;
2. Defendants shall serve Rule 26(a)(1) initial disclosures within 10 days;
3. Defendants shall produce verified accounting and chain of title documentation relating to the alleged loan within 14 days;
4. The Court finds that the foreclosure sale was conducted during a pending dispute and without verified accounting or lawful authority, and reserves ruling on the voidability of said sale pending further discovery;
5. Failure to comply may result in further sanctions under FRCP 37.

SO ORDERED.

DATED: _____

ANNE R. TRAUM
United States District Judge

COLEMAN FAMILY REVOCABLE LIVING TRUST,
By Trustees PLUYD COLEMAN and SAHAR LEWIS, Plaintiffs,
v.
PNC BANK, N.A., et al., Defendants.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

Case No. 2:25-cv-00791-ART-DJA

**DECLARATION OF STANDING AND FIDUCIARY APPEARANCE**

We, Pluyd Coleman and Sahar Lewis, being of lawful age and competent capacity, hereby declare under penalty of perjury as follows:

1. We are the duly appointed and acting Trustees of the Coleman Family Revocable Living Trust ("the Trust"), and we appear in this matter in our capacity as fiduciaries entrusted with the legal responsibility to protect and enforce the rights, interests, and property of the Trust.

2. We are not attorneys nor corporate representatives, and we do not purport to act on behalf of the Trust as a separate legal person. Rather, we act as real parties in interest in our representative capacity as Trustees under the common law and pursuant to our fiduciary duties.

3. The right of a Trustee to appear and prosecute claims *in propria persona* is well recognized in federal and common law. We rely in part on *C.E. Pope Equity Trust v. United States*, 818 F.2d 696 (9th Cir. 1987), where the court affirmed the right of a trustee to appear in propria persona where the trustee is the real party in interest.

4. This matter arises from claims of wrongful foreclosure, breach of contract, and securities fraud concerning real property held under the Trust. As Trustees, we have legal title and possess standing to challenge unlawful acts that impact the Trust estate.

5. We assert our right to proceed without waiving any rights, titles, or immunities attached to the Trust, and we object to any attempt to bar our appearance based on an incorrect presumption that only attorneys may act in this forum.

6. We further reserve all rights and remedies under the Constitution, the common law, equity, and applicable statutory provisions.

We declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of our knowledge.

Executed on this June 16, 2025.

*[signature]* vcc1-208
Pluyd Coleman, Trustee

By: *[signature]* Sahar-Amanda; Lewis, without prejudice UCC 1-308
Sahar Lewis, Trustee