UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PLUYD COLEMAN and SAHAR LEWIS, individually,<br><br>　　　　　　Plaintiffs,<br>　　vs.<br>PNC BANK, N.A.,<br>　　　　　　Defendant. | Case No. 2:25-CV-00791-ART-DJA<br><br>ORDER ON PLAINTIFFS' MOTIONS FOR EMERGENCY RELIEF |

Plaintiffs Sahar Lewis and Pluyd Coleman bring this action against Defendant PNC Bank, challenging the foreclosure and nonjudicial foreclosure sale of property owned by the Coleman Family Revocable Living Trust ("Trust").[1] (ECF No. 27.) Plaintiffs first filed this action in the Eighth Judicial District Court, State of Nevada, and Defendant removed the case to federal court. (ECF No. 1.) Plaintiffs filed several motions for preliminary relief. (ECF Nos. 4, 5, 7, 10, 11, 12, 13, 14, 15.) The Court issued an order finding that the Trust could not proceed in this action represented by a non-lawyer and gave Plaintiffs thirty days to find legal counsel and enter an appearance. (ECF No. 19.) Plaintiffs then filed another emergency motion, which appeared to request a court order staying eviction pending the deadline to enter an appearance of counsel. (ECF No. 23.) The Court set a telephonic hearing on that motion, which was continued to due to technical difficulties. (ECF Nos. 25, 26, 34.) Plaintiffs filed an amended complaint in which they assert claims as individuals, and not on behalf of the Trust, as well as a renewed motion for a temporary restraining order.[2] (ECF Nos. 27, 28.) The Court

---

[1] This action was originally brought by Sahar Lewis and Pluyd Coleman as trustees on behalf of the Trust. (ECF No. 1-3.) In their first amended complaint, Plaintiffs now assert claims on behalf of themselves as individuals. (ECF No. 27.)
[2] At oral argument and in their motion to dismiss, Defendant argues that

1

held a hearing on June 12, 2025, on Plaintiffs' emergency motions, which the Court now considers.

## I.  Factual Background

Plaintiff Sahar Lewis acquired the subject property located at 3139 Belvedere Dr., Henderson, Nevada, in December 2021. (ECF No. 29-1.) That same month, Ms. Lewis acquired a home loan from North American Financial Corporation, secured with a deed of trust. (ECF No. 29-2.) In 2023, Ms. Lewis transferred the property via quitclaim deed to the Coleman Family Revocable Living Trust, of which she and her husband Pluyd Coleman are trustees. (ECF No. 29-5.) In June 2024, the deed of trust was assigned to PNC Bank. (ECF No. 29-3.) At oral argument, Ms. Lewis stated that she stopped making monthly mortgage payments sometime before April 2024. In November of 2024, a Notice of Breach and Default on the loan was sent to Ms. Lewis, which was recorded on December 2, 2024. (ECF No. 29-6.) Sometime around March 3, 2025, Ms. Lewis sent what she refers to as a "negotiable instrument" to PNC Bank, which Plaintiffs allege discharged their debt. (ECF No. 27 at 2.) Plaintiffs subsequently brought this lawsuit in state court, and the Defendants removed the case to this Court. (ECF No. 1.) On May 9, 2025, a nonjudicial foreclosure sale occurred and title was transferred on May 16. (ECF No. 27 at 2.)

Plaintiffs' amended complaint brings claims for breach of contract, securities fraud, wrongful foreclosure, and a claim to quiet title. (ECF No. 27.) Plaintiffs' renewed emergency motion seeks a temporary restraining order/preliminary injunction preventing the transfer of property, voiding and cancelling the May 16 title transfer, and affirming Plaintiffs' possession during litigation. (ECF No. 28.)

---

Plaintiffs are still effectively and impermissibly representing the Trust as the owner of the foreclosed property. (ECF No. 36 at 7-8.) Because this argument was brought in a subsequent motion to dismiss, the Court will not consider this argument in this motion.

2

## II. Plaintiffs' Motions Prior the First Amended Complaint

Plaintiffs filed several motions prior to their amended complaint: an emergency motion for temporary restraining order and preliminary injunction (ECF Nos. 4, 5); emergency motions to void trustee sale, issue temporary restraining order, and enjoin transfer of title or possession (ECF Nos. 7, 10, 11, 12); an emergency motion to void trustee sale, for sanctions, and for an expedited hearing (ECF Nos. 13, 14, 15); and an emergency motion to void foreclosure sale (ECF No. 23). In all these motions, the Plaintiff in this action was the Trust, which Plaintiffs represented *pro se* as trustees. As the Court has already noted, a trust cannot be represented by a non-attorney. (*See* ECF No. 19); *Salman v. Newell*, 885 P.2d 607, 608 (Nev. 1994); *Adam E. v. Comm'r of Soc. Sec.*, No. 2:24-CV-00509-CDS-BNW, 2025 WL 404477, at *1 (D. Nev. Feb. 4, 2025). Additionally, Plaintiffs amended complaint now lists Ms. Lewis and Mr. Coleman as Plaintiffs as individuals. For both reasons, the Court denies Plaintiffs' motions filed prior to their amended complaint as moot. The Court will therefore consider Plaintiffs' renewed emergency motion, filed after their amended complaint. (ECF No. 28.)

## III. Legal Standard

A party seeking a preliminary injunction must demonstrate (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm if preliminary relief is not granted, (3) the balance of equities is in their favor, and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). The analysis for a temporary restraining order is "substantially identical" to that of a preliminary injunction. *Stuhlbarg Intern. Sales Co, Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

While *Winter* requires a plaintiff to show likelihood of irreparable harm, the Ninth Circuit applies a sliding scale approach to the other factors. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35, 1139 (9th Cir. 2011). If the movant makes a threshold showing of "serious questions going to the merits" instead of

likelihood of success on the merits, then strong showings on the remaining factors allow a court to issue the injunction. *See Disney Enterprises, Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017) (citing *Garcia v. Google Inc.*, 786 F.3d 733, 740 (9th Cir. 2015)). If the movant fails to show serious questions going to the merits, the other factors may not otherwise justify granting the injunction. *Id.*

## IV. Analysis

Plaintiffs' motion for preliminary relief fails because they have not shown the minimum requirement of at least serious questions going to the merits of their claim. *See id.*

The allegation underlying all of Plaintiffs' claims in the first amended complaint is that they tendered a "negotiable instrument" to PNC Bank, which discharged their debt. (ECF No. 27 at 2-3.) Plaintiffs claim that PNC Bank refused to accept this tender, which Plaintiffs argue excuses their own contractual obligations under the mortgage. (*Id.*) Plaintiffs have not provided with their motion an explanation of what this "negotiable instrument" entails. However, in Plaintiffs' response to Defendant's subsequent motion to dismiss, Plaintiffs attached several documents allegedly sent to PNC Bank which purport to request that PNC Bank use an attached promissory note to discharge the debt on the account. (ECF No. 32 at 18-32.) The "promissory note" referred to appears to be a copy of the loan agreement between Ms. Lewis and North American Financial Corporation. (*Id.* at 20-23.) Ms. Lewis confirmed at the hearing that the last monthly mortgage payment to PNC bank occurred before April 2024, and that due to nonpayment PNC Bank later accelerated the loan and demanded payment on the full balance. Plaintiffs have failed to allege or provide any evidence that they actually tendered payment to PNC Bank for the full balance of their mortgage, discharging their obligations. Because this argument forms the basis of all of Plaintiffs' claims, they have not shown "serious questions going to the

4

merits" sufficient to justify preliminary injunctive relief. *See VidAngel*, 869 F.3d at 856 ("if a movant fails to meet this threshold inquiry, the court need not consider the other factors") (internal quotation marks omitted).

**V.  Conclusion**

It is therefore ordered that Plaintiffs' renewed emergency motion (ECF No. 28) is DENIED.

It is further ordered that Plaintiffs' motions at ECF Nos. 4, 5, 7, 10, 11, 12, 13, 14, 15, 23 are DENIED AS MOOT.

Dated this 17th day of June 2025.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE