**Sahar Lewis and Pluyd Coleman,**
*Plaintiffs, In Propria Persona,*
v.
**PNC Bank, N.A.,**
*Defendant.*

FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD
JUN 26 2025
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: RJ06 DEPUTY

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Case No.: 2:25-cv-00791-ART-DJA

# MOTION FOR CLARIFICATION AND NOTICE OF REGULATORY COMPLAINTS IN SUPPORT OF PLAINTIFFS' CLAIMS OF SECURITIES FRAUD, WRONGFUL FORECLOSURE, AND LACK OF STANDING

Plaintiffs Sahar Lewis and Pluyd Coleman, appearing in propria persona, respectfully submit this Motion for Clarification and Notice to the Court regarding the true nature of Plaintiffs' claims, and to inform the Court of material regulatory complaints filed against Defendant PNC Bank, N.A. with the Securities and Exchange Commission (SEC) and the Office of the Comptroller of the Currency (OCC).

## I. INTRODUCTION

Plaintiffs' case is fundamentally based on securities fraud, wrongful foreclosure, and lack of standing, all stemming from Defendant's fraudulent and deceptive conduct regarding the ownership and enforcement of the mortgage loan on the property located at **3139 Belvedere Dr., Henderson, Nevada**.

Plaintiffs acknowledge and agree that the Court has correctly focused on their status as trustees rather than on the Trust itself, consistent with Nevada law that a trust cannot appear pro se and must be represented by counsel. However, as trustees and the true parties in interest with direct equitable interest in the Trust property, Plaintiffs are entitled to defend the property and assert claims related to wrongful foreclosure and lack of standing. This procedural distinction does not undermine the substance of Plaintiffs' claims, which are grounded in Defendant's fraud and procedural defects.

Despite Plaintiffs' clear allegations and evidence — including a forensic audit establishing that the loan was securitized into Freddie Mac Multiclass Certificates, Series 5211 (CUSIP

#3137H6M69), and that PNC Bank lacks any recorded assignment or lawful standing — the Court's prior orders and hearings have unduly focused on a "negotiable instrument" theory and the timing of Plaintiffs' last cash payment. Plaintiffs emphasize that this focus mischaracterizes their claims and ignores the central fraud and standing issues.

Moreover, Plaintiffs clarify that the negotiable instrument referenced — which includes correspondence and presentment of a security interest in the deed of trust by Sahar Lewis — was valid and supported by her legal authority. When Ms. Lewis conveyed her interest in the deed of trust and executed the quitclaim to the Trust, she also claimed her right to all benefits, equity, and title related to the instrument. She clearly exercised her interest to discharge the debt through setoff, consistent with securitization of the loan. This was duly communicated to PNC Bank and is supported by documentation that has been minimized or mischaracterized in prior hearings.

Plaintiffs further state that they have been removed from electronic service notifications via CM/ECF in this case, which directly impacts their ability to receive real-time updates and protect the Trust res. Plaintiffs request that the Court reinstate electronic service for both Plaintiffs immediately, or alternatively, clarify the procedure necessary to restore this access under Local Rule IC 2-1(g). As trustees defending their legal and equitable interest in trust property, this access is essential.

## II. TRUSTEES' STANDING AND ROLE AS REAL PARTIES IN INTEREST

Plaintiffs respectfully clarify that, as **duly appointed trustees of the Coleman Family Revocable Living Trust**, they act as **real parties in interest** under Federal Rule of Civil Procedure 17(a), with both **legal title** to the property and a direct fiduciary duty to protect the trust res. Plaintiffs are not seeking to appear on behalf of the Trust in a representational or attorney capacity, but instead to enforce and defend their own legally recognized interest in trust property wrongfully foreclosed upon without legal standing.

Courts have consistently held that trustees, as legal title holders, may sue and be sued in relation to trust property without naming the trust itself. See *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464–66 (1980); *Estate of Bowles v. Comm'r*, 608 F. App'x 693 (9th Cir. 2015).

Accordingly, Plaintiffs assert their standing independently of any procedural prohibition on a trust appearing pro se. Any prior confusion about the capacity in which Plaintiffs appeared should now be resolved in light of the Amended Complaint, which clarifies that they are proceeding in their individual capacities as trustees and **not** as representatives of the Trust entity itself.

Moreover, Plaintiffs respectfully object to the Court's prior focus on "negotiable instruments" and fiat currency as the determinative issue in Plaintiffs' claims. Plaintiffs have consistently alleged that the wrongful foreclosure was based on a **fraudulent lack of standing**, rooted in **securitization fraud, concealment of material facts, and noncompliance with trust and**

**securities law**, including the absence of a valid recorded assignment or Pooling and Servicing Agreement (PSA) disclosure.

The Court's repeated emphasis on when Plaintiffs "last made a payment in fiat cash" overlooks the more fundamental issue: **PNC Bank's lack of authority to enforce or foreclose**, irrespective of payment status, due to its failure to demonstrate legal ownership or servicing rights to the loan.

## III. CLAIMS BASED ON SECURITIES FRAUD AND WRONGFUL FORECLOSURE

Plaintiffs' claims arise from Defendant's failure to demonstrate lawful ownership or servicing rights over the securitized loan. The absence of any recorded assignment of the deed of trust to PNC Bank or Freddie Mac, the lack of production of the Pooling and Servicing Agreement (PSA), and public records showing the loan remains part of an actively traded REMIC pool collectively demonstrate that PNC Bank lacks standing to enforce the loan or conduct foreclosure.

This fraudulent conduct constitutes securities fraud and wrongful foreclosure under Nevada law and federal securities regulations, undermining Defendant's entire foreclosure action and justifying the relief Plaintiffs seek.

## IV. NOTICE OF REGULATORY COMPLAINTS

Plaintiffs have formally reported Defendant PNC Bank's conduct to the following regulatory agencies:

- **The Securities and Exchange Commission (SEC)** for violations related to securities fraud, failure to disclose, and misrepresentation regarding loan ownership and securitization; and

- **The Office of the Comptroller of the Currency (OCC)** for violations relating to mortgage servicing, RESPA violations, and improper foreclosure procedures.

## V. REQUEST FOR RELIEF

For the foregoing reasons, Plaintiffs respectfully request that this Court:

1. Recognize and clarify that Plaintiffs' claims are based on securities fraud, wrongful foreclosure, and lack of standing arising from Defendant's fraud, **not** on any negotiable instrument or tender theory;

2. Consider the regulatory complaints filed with the SEC and OCC as material evidence supporting Plaintiffs' claims and the need for judicial intervention;

3. Grant Plaintiffs' pending Motion for Summary Judgment based on the evidence of lack of standing and wrongful foreclosure;

4. Void the foreclosure sale held on May 9, 2025, and enter judgment that title to the property is held free and clear of any invalid liens;

5. Reinstate electronic filing and notice privileges for both Plaintiffs to protect the trust res and ensure fair access;

6. Award any other relief the Court deems just and proper.

## VI. CONCLUSION

Plaintiffs respectfully urge the Court to focus on the core legal and factual issues of this case and to consider the regulatory complaints that highlight the seriousness of Defendant's conduct.

Dated: 6/26/25

Respectfully submitted,

By: *Sahar Amanda [signature]*  UCC 1-308 w/o prejudice

Sahar Lewis, Trustee, In Propria Persona

By: *[signature]*  UCC 1-308 w/o prejudice

Pluyd Coleman, Trustee, In Propria Persona

**Sahar Lewis and Pluyd Coleman,**
*Plaintiffs, In Propria Persona,*
v.
**PNC Bank, N.A.,**
*Defendant.*

Case No.: **2:25-cv-00791-ART-DJA**

# [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR CLARIFICATION AND NOTICE OF REGULATORY COMPLAINTS

Having reviewed Plaintiffs' Motion for Clarification and Notice of Regulatory Complaints in Support of Plaintiffs' Claims of Securities Fraud, Wrongful Foreclosure, and Lack of Standing, and good cause appearing,

IT IS HEREBY ORDERED that:

1. The Court recognizes and clarifies that Plaintiffs' claims are based on allegations of securities fraud, wrongful foreclosure, and lack of standing arising from alleged misrepresentations by Defendant PNC Bank, N.A., and not based on any negotiable instrument or tender theory.

2. The Court acknowledges Plaintiffs' Notice that they have filed regulatory complaints with the Securities and Exchange Commission (SEC) and the Office of the Comptroller of the Currency (OCC) regarding the conduct of Defendant.

3. Plaintiffs' standing as trustees and real parties in interest under Federal Rule of Civil Procedure 17(a) is affirmed for the limited purpose of asserting their legal and equitable rights in defense of the trust res.

4. Plaintiffs' electronic notice and CM/ECF service privileges in this action shall be reinstated to ensure their continued and timely participation in these proceedings.

5. The Court reserves ruling on Plaintiffs' pending Motion for Summary Judgment until fully briefed.

IT IS SO ORDERED.

Dated: _____

_____

Hon. Anne R. Traum
United States District Judge