

Pluyd Coleman and Sahar Lewis,
Plaintiffs,

v.

PNC Bank, National Association, et al.,
Defendants.

Case No.: 2:25-cv-00791-ART-DJA

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

### NOTICE OF CLARIFICATION AND MOTION FOR RECONSIDERATION OF ECF NO. 52

COME NOW Plaintiffs, Pluyd Coleman and Sahar Lewis, appearing individually and in propria persona as injured parties, and respectfully submit this Notice of Clarification and Motion for Reconsideration of the Court's Minute Order issued July 11, 2025, denying Plaintiffs' Motion to Compel (ECF No. 52).

### I. BASIS FOR RECONSIDERATION

Plaintiffs move under Local Rule 59-1 and Federal Rule of Civil Procedure 60(b) to correct a material misunderstanding of fact forming the basis of the Court's denial. The Court's Minute Order states that the Motion to Compel was denied, in part, due to an alleged failure to conduct a Rule 26(f) conference and an absence of a good-faith meet and confer.

Respectfully, this finding is mistaken.

### II. CLARIFICATION OF THE FACTUAL RECORD

**The parties did conduct a Rule 26(f) conference on June 27, 2025, at 2:00 PM (PST) via live communication, as required by FRCP 26(f) and Local Rule IA 1-3(f).**

This was expressly stated in ECF No. 52 and is reaffirmed herein. Plaintiffs now attach the corrected Motion to Compel as Exhibit A, which includes the required certification and a proposed order.

### III. RELIEF REQUESTED

Plaintiffs respectfully request that this Court:

1. Reconsider its denial of Plaintiffs' Motion to Compel (ECF No. 52), pursuant to Rule 60(b)(1) for mistake of fact;

2. Accept Exhibit A as the corrected and procedurally compliant Motion to Compel;

3. Grant such further relief as is just and equitable to prevent prejudice and ensure full discovery.

**DATED: July 11, 2025**

Respectfully submitted,

By: _____ UCC 1-308 an
Pluyd Coleman
Plaintiff, In Propria Persona

By: _Sahar-Amanda: Jews_ UCC 1-308 all rights reserved
Sahar Lewis
Plaintiff, In Propria Persona

# EXHIBIT A

## CORRECTED MOTION TO COMPEL INITIAL DISCLOSURES, VERIFIED ASSIGNMENTS, ORIGINAL NOTE, AND FOR SANCTIONS

[See attached full corrected motion document as previously prepared and submitted.]

Pluyd Coleman and Sahar Lewis,
Plaintiffs,

v.

PNC Bank, National Association, et al.,
Defendants.

UNITED STATES DISTRICT COURT      DISTRICT OF NEVADA

Case No.: 2:25-cv-00791-ART-DJA

PLAINTIFFS' CORRECTED MOTION TO COMPEL INITIAL DISCLOSURES, VERIFIED ASSIGNMENTS, ORIGINAL NOTE, AND FOR SANCTIONS

COME NOW Plaintiffs Pluyd Coleman and Sahar Lewis, in propria persona, and respectfully move this Honorable Court pursuant to Federal Rules of Civil Procedure 26, 34, and 37(a) for an order compelling Defendants to:

1. Produce the original wet-ink Promissory Note, properly endorsed with all allonges;
2. Produce all recorded assignments and transfers of the Note and Deed of Trust, establishing a verified chain of title from origination to present;
3. Produce any applicable Pooling & Servicing Agreement (PSA) and full servicing history for the alleged loan;
4. Pay reasonable costs and sanctions under Rule 37 due to Defendants' failure to comply with discovery obligations and the Court's prior directives.

I. FACTUAL BACKGROUND

Plaintiffs are the lawful Trustees of the Coleman Family Revocable Living Trust, the legal and equitable titleholder of the subject property. Plaintiffs' forensic audit demonstrates that the alleged Promissory Note and Deed of Trust were never lawfully transferred or securitized in the name of PNC Bank, Freddie Mac, or any entity with authority to enforce.

On June 27, 2025, at 2:00 PM (PST), the parties conducted a Rule 26(f) conference via live communication. During this meeting, Plaintiffs requested the original Note, verified

chain of title, and all securitization disclosures. These requests were not fulfilled. Further written follow-ups were made. Defendants failed to respond or produce any documents.

Defendants' counsel, David T. Blake, expressly stated that he "knows of no law that requires production of the original wet-ink promissory note." This is a blatant misstatement of settled law under the UCC and Ninth Circuit precedent.

## II. LEGAL STANDARD

- FRCP 26(a) requires parties to disclose all documents that support their claim or defense, including evidence of standing and chain of title.
- FRCP 34(a) entitles a party to inspect tangible evidence such as the original Note.
- FRCP 37(a)(1) permits a motion to compel where the opposing party refuses to produce requested items after a good-faith meet and confer.
- NRS 104.3301 requires a party to be the holder of a negotiable instrument to enforce it. Without the original note, Defendants cannot meet this threshold.
- In In re Veal, 450 B.R. 897 (B.A.P. 9th Cir. 2011), the court held that possession and proper endorsement are necessary to enforce mortgage debt.
- In Carpenter v. Longan, 83 U.S. 271 (1872), the Supreme Court affirmed that "the mortgage follows the note." A deed of trust is unenforceable without the note.

## III. ARGUMENT

Defendants have failed to produce:
- The original, endorsed Promissory Note;
- A complete and verified chain of assignments;
- Any PSA or evidence that the loan was lawfully securitized;
- Any TILA- or RESPA-compliant notice of transfer or servicing.

This failure violates Rules 26, 34, and 37 and undermines the integrity of the discovery process. Defendants' position that the note is not required contradicts the Uniform Commercial Code and federal precedent. Without it, they lack standing and cannot lawfully pursue foreclosure or enforcement.

## IV. RELIEF REQUESTED

Plaintiffs respectfully request that this Court:
1. Compel Defendants to produce, within ten (10) days, the original wet-ink Promissory Note, all endorsements, allonges, recorded assignments, the Pooling & Servicing Agreement, and servicing history;
2. Award reasonable costs and expenses incurred in bringing this Motion under FRCP 37(a)(5);
3. Issue adverse inference sanctions or such other relief as the Court deems just if Defendants fail to comply.

V. CONCLUSION

Defendants have offered no legitimate legal basis to withhold production of the Note, assignments, or securitization documents. Their failure to comply with discovery is unjustified, prejudicial, and contrary to law.

Plaintiffs request that the Motion be GRANTED in full, and that sanctions be imposed to deter further abuse of process.

DATED: July 11, 2025

Respectfully submitted,

_[signature]_ UCC 1-308 arr
Pluyd Coleman
Plaintiff, In Propria Persona

_[signature]_ By: Sahar-Amanda: Lewis UCC 1-308 without prejudice
Sahar Lewis
Plaintiff, In Propria Persona

## CERTIFICATE OF GOOD FAITH CONFERENCE

We, **Sahar Lewis** and **Pluyd Coleman**, hereby certify that we participated in a good faith conference with counsel for **PNC Bank, N.A.** on **June 27, 2025**, at approximately **2:00 PM (PST)**.

This discussion included matters related to the foreclosure of the property located at **3139 Belvedere Dr, Henderson, Nevada**, and the resulting proceeds. Despite this effort, the parties did not reach resolution, and therefore this motion is submitted in good faith to obtain equitable relief.

We submit this certificate **in our individual capacity as injured parties**, and not in any representative or trustee capacity.

## PROPOSED ORDER

IT IS HEREBY ORDERED that Defendants shall produce the original wet-ink Promissory Note, all endorsements, allonges, complete chain of recorded assignments, any Pooling & Servicing Agreement, and full servicing records within ten (10) days of this Order.

IT IS FURTHER ORDERED that Plaintiffs are awarded reasonable costs and expenses incurred in bringing this Motion pursuant to FRCP 37(a)(5).

IT IS SO ORDERED.

DATED: _____

Hon. Anne R. Traum
UNITED STATES DISTRICT JUDGE

## DECLARATION OF PLAINTIFFS IN SUPPORT OF MOTION FOR RECONSIDERATION

We, Pluyd Coleman and Sahar Lewis, declare:

1. We are the named Plaintiffs in this action and competent to testify to the facts set forth herein.

2. **On June 27, 2025, at 2:00 PM** Pacific Time, we participated in a **Rule 26(f)** conference with counsel for Defendants PNC via live communication.

3. During this conference, discovery issues were discussed, including our request for production of the original wet-ink promissory note, the chain of title, and securitization disclosures.

4. We made additional follow-up efforts in good faith to resolve the discovery issues before filing our original Motion to Compel.

5. We declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 11th day of July, 2025.

_[signature]_ UCC 1-308 w/o prejudice
Pluyd Coleman

By: _[signature]_ UCC 1-308 w/o prejudice
Sahar Lewis

CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2025, I caused a true and correct copy of the foregoing PLAINTIFFS' CORRECTED MOTION TO COMPEL to be served via the Court's electronic filing system (CM/ECF) on all counsel of record.

Pluyd Coleman *[signature]* UCC 1-xx w/o prejudice
Sahar Lewis *[signature]* By: Sahar-Amanda Lewis UCC 1-308 w/o prejudice