David T. Blake, Esq.
Nevada Bar No. 11059
Wolfe & Wyman LLP
6757 Spencer Street
Las Vegas, NV  89119
Tel: (702) 476-0100
Fax: (949) 475-9203
*dtblake@ww.law*

Attorneys for Defendant PNC Bank

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Coleman Family Revocable Living Trust, by and through Trustees Sahar Lewis and Pluyd Coleman,<br><br>Plaintiffs,<br>v.<br><br>PNC Bank, N.A., Matrix Trust Company, Clear Recon Corp., Stefanie Armijo, Does 1 through 20,<br><br>Defendants. | CASE NO.:  2:25-cv-00791<br><br>**PNC Bank's Response to Plaintiffs' Notice of Clarification and Motion for Reconsideration** |

Defendant PNC Bank, N.A. ("PNC") submits this Response to Plaintiffs' "Notice of Clarification and Motion for Reconsideration of ECF No. 52" (the "Request").[1]

Plaintiffs' Request does not cure the procedural defects in their prior Motion to Compel and remains improper under the applicable rules. Plaintiffs served interrogatories and requests for production on PNC's counsel via email on June 27,

---

[1] Plaintiffs filed their Request twice. *See* ECF Nos. 55 and 56. This Response is directed at both filings, which are identical.

1

2025. Even assuming the requests were proper (they were not),[2] PNC's responses would not be due until July 28, 2025. Plaintiffs filed their Motion to Compel (ECF No. 52) without allowing PNC any time to respond and without engaging in any of the required meet-and-confer efforts under Federal Rule of Civil Procedure 37(a)(1), Local Rule 26-6(c), or Local Rule IA 1-3(f).

This Court correctly denied Plaintiffs' Motion to Compel (ECF No. 52) in a detailed Minute Order (ECF No. 54), explaining that (1) no Rule 26(f) conference had occurred, and (2) Plaintiffs failed to satisfy their obligation to meet and confer in good faith. The Court emphasized that email correspondence alone does not meet this standard. The Court's minute order provides, in full:

> The Court denies the Plaintiffs' motion for two reasons. First, under Federal Rule of Civil Procedure 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)..." However, while Plaintiffs attach certain emails showing their attempts to schedule a Rule 26(f) conference, there is no indication that the parties have actually engaged in that conference. Second, under Federal Rule of Civil Procedure 37(a)(1), a motion to compel disclosure or discovery must include "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Nevada Local Rule 26-6(c) also provides that discovery motions will not be considered unless the moving party has made a good faith effort to meet and confer. Here, Plaintiffs provide no indication that they have attempted to meet and confer with Defendants. Email correspondence does not satisfy the requirement to meet and

---

[2] Plaintiffs' discovery requests, like their Motion to Compel, seek documents and information to which they are not entitled under applicable law. Among other things, Plaintiffs demand production of the original signed promissory note and information concerning the chain of assignments of the deed of trust. However, Plaintiffs lack standing to challenge the validity or enforceability of those assignments, and courts routinely hold that borrowers have no legal right to compel production of the original note absent a legitimate dispute over execution or evidence of assent. Their discovery demands thus mirror the legal defects in their underlying claims. *See* law and argument set forth in PNC's Motion to Dismiss at ECF No. 36.

confer. Nevada Local Rule IA 1-3(f).

For these reasons, the Court DENIES the Plaintiffs' motion to compel (ECF No. 52]) without prejudice.

ECF NO. 54.

Plaintiffs' current Request does not remedy any of the procedural failings identified by the Court. As of this filing, responses to the discovery requests are still not due, and Plaintiffs have made no attempt to confer with PNC's counsel. The Notice also fails to demonstrate compliance with Rule 37 or the Local Rules and offers no legitimate grounds for reconsideration under the applicable standards.

Accordingly, Plaintiffs' Request should be denied. It is procedurally defective, fails to comply with this Court's prior order and governing rules, and offers no new facts or law to justify a different result. Plaintiffs' continued refusal to follow the discovery rules and their premature filings do not warrant the Court's intervention. The motion should be denied in full.

DATED: July 24, 2025                           WOLFE & WYMAN LLP


By: /s/ DAVID T. BLAKE
   DAVID T. BLAKE, ESQ.
   Nevada Bar No. 11059

3

5307892.1

# CERTIFICATE OF ELECTRONIC SERVICE

On July 25, 2025, I served the foregoing **PNC Bank's Response to Plaintiffs' Motion for Clarification and Related Notice** by the following means to the persons as listed below:

☒   a.   **CM/EFC System**, electronic filing system of the United States District Court of Nevada.

WOLFE & WYMAN LLP

By: /s/ DAVID T. BLAKE
DAVID T. BLAKE, ESQ.
Nevada Bar No. 11059
