David T. Blake, Esq.
Nevada Bar No. 11059
Wolfe & Wyman LLP
6757 Spencer Street
Las Vegas, NV  89119
Tel: (702) 476-0100
Fax: (949) 475-9203
*dtblake@ww.law*

Attorneys for Defendant PNC Bank

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Coleman Family Revocable Living Trust, by and through Trustees Sahar Lewis and Pluyd Coleman,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>PNC Bank, N.A., Matrix Trust Company, Clear Recon Corp., Stefanie Armijo, Does 1 through 20,<br><br>　　　　　　Defendants. | **CASE NO.:  2:25-cv-00791**<br><br>**PNC Bank's Response to Plaintiffs' *EX PARTE* MOTION for Injunctive Relief, Punitive Damages, Quiet Title, and Summary Judgment for Fraud Upon the Court and ECF Nos. 68, 69, 70, and 71.** |

Defendant PNC Bank, N.A. ("PNC") submits this Response to Plaintiffs' *Ex Parte* Motion for Injunctive Relief, Punitive Damages, Quiet Title, and Summary Judgment for Fraud Upon the Court. ECF No. 65. PNC also responds to Plaintiffs' related filings, including their Declaration of Emergency, Motion to Shorten Time, and proposed orders. ECF Nos. 68, 69, 70, 71.

5342584.1

# I.

## Introduction

Plaintiffs continue to burden PNC and this Court with repetitive and meritless emergency filings. Despite the Court's prior order denying their renewed motion for a temporary restraining order and preliminary injunction because they failed to demonstrate even "serious questions going to the merits," Plaintiffs now seek the same relief again through an *Ex Parte* Motion for Injunctive Relief, Punitive Damages, Quiet Title, and Summary Judgment for Fraud Upon the Court. ECF No. 65. Plaintiffs also filed a Declaration of Emergency, a Motion to Shorten Time, and proposed orders seeking to enjoin foreclosure activity, restore possession of the property, and otherwise alter rights that were conclusively determined by the trustee's sale. ECF Nos. 68–71. These filings do not cure the defects the Court already identified, nor do they present any factual or legal basis for extraordinary relief.

# II.

## Background

Pro se Plaintiffs filed this action seeking to prevent foreclosure of subject property, 3193 Belvedere Dr., Henderson, Nevada 89014 (the "Property") and asserting various claims for relief against Defendant PNC. Plaintiffs filed their First Amended Complaint on May 21, 2025 (ECF No. 27) asserting claims against PNC for wrongful foreclosure, breach of contract, and securities fraud. On June 4, 2025, PNC moved to dismiss the Amended Complaint under Rule 12(b)(6) (ECF No. 36). Plaintiffs responded on June 10, 2025 (ECF No. 41), and PNC filed its reply on June 17, 2025 (ECF No. 44). That motion is fully briefed and awaiting decision.

After removal to this Court, Plaintiffs filed a series of emergency motions seeking to stop foreclosure and eviction. They submitted multiple requests for temporary restraining orders and injunctions to void the trustee's sale, block transfer of title or possession, and enjoin eviction. The Court noted that the Coleman Family Revocable Living Trust could not appear through non-lawyer trustees, and it gave

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

w&w

5342584.1

Plaintiffs thirty days to secure counsel. Despite that order, Plaintiffs continued to file emergency motions on behalf of the Trust, while also amending their complaint to proceed as individuals.

After removal to this Court, Plaintiffs filed a series of emergency motions seeking to stop foreclosure and eviction, including motions for temporary restraining orders and injunctions to void the trustee's sale, block transfer of title or possession, and enjoin eviction. ECF Nos. 4, 5, 7, 10, 11, 12, 13, 14, 15, 23. The Court explained that the Coleman Family Revocable Living Trust could not appear through non-lawyer trustees and directed Plaintiffs to secure counsel. Plaintiffs amended their complaint to proceed as individuals (ECF No. 27), but then re-asserted and have continued to reassert that they are acting on behalf of the Trust.

On June 12, 2025, the Court heard argument on Plaintiffs' renewed emergency motion for a temporary restraining order and preliminary injunction. ECF No. 28. Plaintiffs argued that they had discharged their mortgage obligations by tendering a "negotiable instrument." The Court rejected that contention because Plaintiffs did not show that they actually paid or tendered the full loan balance. The Court found that Plaintiffs could not establish "serious questions going to the merits," the minimum showing required for preliminary relief under Ninth Circuit precedent. ECR No. 45. Because Plaintiffs failed to meet that standard, the Court denied their renewed emergency motion (ECF No. 28) and denied the earlier emergency motions as moot. ECF Nos. 4, 5, 7, 10, 11, 12, 13, 14, 15, 23.

While this action was pending, the Property was sold to a third-party buyer at a trustee sale on or around May 9, 2025. PNC is not affiliated with the party that purchased the Property. Plaintiffs state that the foreclosure buyer has evicted them from the premises. *See* ECF No. 60 at 1 (¶ 2).

Since the Court's denial of their preliminary injunction motion, Plaintiffs have been busy filing additional meritless motions to which PNC has filed a response:

**June 26, 2025 (ECF 50):** Motion for clarification and notice of regulatory

3

1  complaints.

2  **July 8, 2025 (ECF 52):** Motion to compel initial disclosures, verified

3  assignments, original note, and for sanctions.

4  **July 11, 2025 (ECF 55 & 56):** Notice of clarification and motion for

5  reconsideration of the denied motion to compel.

6  **August 6, 2025 (ECF 60):**  Verified Demand in Equity for Restoration of

7  Possession.

8  **August 6, 2025 (ECF 61):** a notice of intent to issue subpoena.

9  Without having received a ruling or relief on any of their motions, Plaintiffs

10  have now filed an *Ex Parte* Motion for Injunctive Relief, Punitive Damages, Quiet

11  Title, and Summary Judgment for Fraud Upon the Court (the "Motion"). ECF No. 65.

12  In connection with that motion, Plaintiffs submitted a Declaration of Emergency

13  pursuant to LR 7-4. ECF No. 68. They also filed a Motion to Shorten Time. ECF No.

14  69. Plaintiffs further lodged proposed forms of Temporary Restraining Order and

15  Order to Show Cause. ECF Nos. 70, 71. In addition, Plaintiffs filed a reply in further

16  support of their earlier "Verified Demand in Equity for Restoration of Possession and

17  Corrective Relief." ECF No. 72. These latest filings continue Plaintiffs' pattern of

18  repetitious emergency motions, despite the Court's prior denial of their renewed

19  request for TRO and related requests for preliminary relief.

20  PNC does not know the substance of Plaintiffs' *Ex Parte* Motion at ECF No. 65

21  because it was filed *ex parte*, and the Court's ECF system prevents Defendant from

22  viewing the filing. PNC can infer at least some of the substance and subject matter of

23  that motion from the declaration of emergency filing and the proposed orders.

24  As demonstrated below, Plaintiffs' Motion and related filings do not cure the

25  fundamental defects identified by this Court in denying their prior motions, and they

26  provide no new basis for the extraordinary relief they seek.

27

28

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

## III.

## Argument

**A.    Plaintiffs are not entitled to a preliminary injunction.**

**1.    Plaintiffs' Motion again fails to make the necessary showing that they are entitled to preliminary injunctive relief**

A preliminary injunction is "a drastic and extraordinary remedy, which should not be granted as a matter of course." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139 (2010). A plaintiff has the burden to show that injunctive relief is appropriate. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 442-43 (1974). Because they are extraordinary remedies, a plaintiff seeking a TRO or preliminary injunction must overcome a significant evidentiary and persuasion burden. *Stein v. Dowling*, 867 F. Supp. 2d 1087, 1095 (S.D. Cal. 2012). In order to obtain such relief, the plaintiff "must make a 'threshold showing' of four factors." *E. Bay Sanctuary Covenant v. Barr*, 964 F.3d 832, 844 (9th Cir. 2020). The plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. N.R.D.C.*, 555 U.S. 7, 20 (2008). The elements are conjunctive, meaning the party seeking the TRO or injunction must satisfy each element. *See Bayview Loan Servicing, LLC v. Romewright Properties, LLC*, No. 218CV00305, 2018 WL 6566543, at *2 (D. Nev. Oct. 26, 2018).

The Ninth Circuit applies a sliding scale approach to the factors apart from the success on the merits factor. *All for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35, 1139 (9th Cir. 2011). If the movant makes a threshold showing of "serious questions going to the merits" instead of likelihood of success on the merits, then strong showings on the remaining factors allow a court to issue the injunction. *See Disney Enterprises, Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017). If the movant fails to show serious questions going to the merits, the other factors may not

otherwise justify granting the injunction. *Id.*

In its order on Plaintiffs' previous motion seeking a preliminary injunction, the Court found that Plaintiffs had not made the required showing:

> Plaintiffs have failed to allege or provide any evidence that they actually tendered payment to PNC Bank for the full balance of their mortgage, discharging their obligations. Because this argument forms the basis of all of Plaintiffs' claims, they have not shown "serious questions going to the merits" sufficient to justify preliminary injunctive relief.

ECF No. 45 at 4:25-5:1.

As previously noted, PNC was not served a copy of the Motion, but based on the proposed orders Plaintiffs submitted, the only factual assertion relevant to the extraordinary relief they request appears to be that:

1. Any assignment of the Deed of Trust to Freddie Mac is invalid.

2. They face eviction after the foreclosure that might result in their removal from the Property.

3. The foreclosing trustee did not properly foreclose on the Property.

*See* ECF No. 70 at 1; ECF No. 68 at ¶¶ 1-2.

These conclusory statements cannot support a preliminary injunction. A borrower does not have standing to challenge assignments of a deed of trust or promissory note because the borrower is not a party to those transactions. *See Coleman v. Bank of New York Mellon as Tr. for Am. Home Mortg. Inv.*, 798 F. App'x 131, 132 (9th Cir. 2020). As this court has already determined, Plaintiffs have failed to demonstrate serious questions going to the merits on their claims for relief with respect to their contention that they tendered payment that would satisfy their loan obligations. Plaintiffs have also failed to make a strong showing on any of the other preliminary factors.

**2.    PNC does not own the Property, did not evict Plaintiffs, and cannot restore possession to them.**

Plaintiffs' Motion also is directed at the wrong party. PNC conducted a trustee sale on May 9, 2025, and sold the Property to Neighbor to Neighbor Homes, LLC (the

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

5342584.1

"Foreclosure Buyer"). PNC does not have an ownership interest in and is not affiliated with the Foreclosure Buyer. The Foreclosure Buyer is not a party to this action and the Court cannot compel PNC to take action on behalf of an entity that PNC is not affiliated with and has no authority to control. PNC did not take any action with respect to the Property after the May 9 trustee sale. PNC does not have authority to take any action with respect to Plaintiffs' possession of the Property. This defect provides an additional basis to deny Plaintiffs' motion. The Court cannot order the relief that Plaintiffs seek because PNC does not have authority to take action with respect to the Property.

    **3.**     **Plaintiffs fail to justify filing *ex-parte*.**

    Local Rule IA 7-2 strictly limits *ex parte* filings. The rule defines an *ex parte* motion as one that is filed with the Court but not served on the opposing party. LR IA 7-2(a). It further prohibits *ex parte* communications or filings "except as specifically permitted by court order or the Federal Rules of Civil or Criminal Procedure." LR IA 7-2(b). A party who files an *ex parte* motion must identify the rule that permits such a filing and explain why the circumstances justify proceeding without service. *Id.*

    Based on the proposed orders submitted, Plaintiffs' filing at ECF No. 65 does not satisfy these requirements. No federal rule or order authorizes them to seek injunctive relief, punitive damages, quiet title, or summary judgment on an *ex parte* basis. Plaintiffs did not identify any authority in their papers that permits *ex parte* relief, nor did they articulate why the motion could not be served in the ordinary course. Their filing therefore violates the plain language of LR IA 7-2 and is procedurally improper.

## V.

## Conclusion

    Plaintiffs' *ex parte* Motion and related filings are procedurally improper and substantively meritless. Local Rule IA 7-2 does not permit them to seek injunctive relief, punitive damages, quiet title, or summary judgment without notice and service,

5342584.1

and Plaintiffs have identified no authority that would justify proceeding on an *ex parte* basis. The proposed orders confirm that Plaintiffs are simply repackaging the same arguments this Court already rejected in denying their prior request for preliminary injunctive relief. Plaintiffs again fail to demonstrate tender, fail to establish any likelihood of success on the merits, and fail to show any basis on which the Court could order PNC to restore possession of property that PNC does not own or control.

For all these reasons, the Court should deny Plaintiffs' *Ex Parte* Motion for Injunctive Relief, Punitive Damages, Quiet Title, and Summary Judgment for Fraud Upon the Court, as well as the related filings at ECF Nos. 68, 69, 70, and 71, in their entirety.

DATED:  August 29, 2025                    WOLFE & WYMAN LLP


                                           By:  /s/ DAVID T. BLAKE
                                           DAVID T. BLAKE, ESQ.
                                           Nevada Bar No. 11059

## CERTIFICATE OF ELECTRONIC SERVICE

On September 2, 2025, I served the foregoing **PNC Bank's Response to Plaintiffs' EX PARTE MOTION for Injunctive Relief, Punitive Damages, Quiet Title, and Summary Judgment for Fraud Upon the Court and ECF Nos. 68, 69, 70, and 71,** by the following means to the persons as listed below:

☒    a.    **CM/ECF System**, electronic filing system of the United States District Court of Nevada.

                                           WOLFE & WYMAN LLP

                                           By:  /s/ DAVID T. BLAKE
                                           DAVID T. BLAKE, ESQ.
                                           Nevada Bar No. 11059

5342584.1