**SAHAR LEWIS and PLUYD COLEMAN,**
Beneficial Equitable Title Holders, in propria persona,
Plaintiffs,

v.

**PNC BANK, N.A.,**
Defendant.

```
☑ __FILED          ____RECEIVED
  __ENTERED         ____SERVED ON
            COUNSEL/PARTIES OF RECORD

          SEP 0 5 2025

      CLERK US DISTRICT COURT
        DISTRICT OF NEVADA
BY: _____        DEPUTY
```

### UNITED STATES DISTRICT COURT      DISTRICT OF NEVADA

Case No.: 2:25-cv-00791-ART-DJA

---

# PLAINTIFFS' MOTION TO RECONSIDER DISPOSITIVE ORDER DENYING VERIFIED DEMAND IN EQUITY AND EX PARTE MOTION FOR INJUNCTIVE RELIEF

## I. INTRODUCTION

Plaintiffs Sahar Lewis and Pluyd Coleman respectfully move this Court to reconsider its August 26, 2025 Order (ECF Nos. 60, 65) denying Plaintiffs' Verified Demand in Equity and Ex Parte Motion for Injunctive Relief.

The Court's Order, issued without findings of fact or conclusions of law, failed to address unrebutted evidence of fraud upon the court, securitization extinguishing enforcement rights, and imminent irreparable harm. Under Fed. R. Civ. P. 52(a)(2), such findings are mandatory when ruling on injunctions. Reconsideration is necessary to correct clear error, prevent manifest injustice, and preserve Plaintiffs' equitable rights.

---

## II. LEGAL STANDARD

Motions to reconsider are proper under Fed. R. Civ. P. 59(e) or 60(b) where there is:

1. Newly discovered evidence,
2. Clear error or manifest injustice, or
3. An intervening change in law.

## III. GROUNDS FOR RECONSIDERATION

**A. Fraud Upon the Court Ignored.**
Defendant PNC Bank and its agents asserted a "perfect chain of title" while concealing securitization into Freddie Mac Series 5211. Fraud upon the court vitiates all proceedings (Universal Oil Prods. v. Root Refining, 328 U.S. 575 (1946)), yet this was not adjudicated.

**B. Unrebutted Evidence of Securitization.**
Plaintiffs' securitization audit, unrebutted, proves PNC divested its enforcement rights under NRS 100.220 and UCC 9-203. No findings were made on this dispositive evidence.

**C. Perfection of Lien Not Established.**
No perfected assignment has been produced, contrary to NRS 104.9203. Without perfection, no foreclosure could lawfully proceed.

**D. Irreparable Harm Established.**
Plaintiffs face loss of possession and destruction of property. TROs and preliminary injunctions exist to preserve the status quo, yet the Court denied relief without analysis.

**E. Failure to Provide Findings Under Rule 52(a)(2).**
Federal Rule of Civil Procedure 52(a)(2) requires a court ruling on an injunction to "state the findings and conclusions that support its action." The August 26, 2025 Order contains none. This omission alone constitutes reversible error. See Camenisch v. Univ. of Texas, 451 U.S. 390, 395 (1981) (injunction rulings require articulated reasoning). The absence of findings deprived Plaintiffs of due process and appellate review.

## IV. EQUITY REQUIRES RECONSIDERATION

Equity abhors a forfeiture. Fraud vitiates everything. The Court must not allow a foreclosure to stand where standing was never proven, perfection was absent, and fraud was placed on the record.

## V. RELIEF REQUESTED

Plaintiffs respectfully request that this Court:

1. Vacate its August 26, 2025 Order (ECF 60, 65);
2. Issue findings of fact and conclusions of law addressing Plaintiffs' unrebutted evidence;

3.  Grant injunctive relief restoring possession and voiding the foreclosure sale; or alternatively
4.  Set this matter for immediate evidentiary hearing on fraud, securitization, and standing.

---

## VI. VERIFICATION

We, Sahar Lewis and Pluyd Coleman, declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: September 5th, 2025

/s/ Sahar Lewis By: *Sahar-Amanda: Lewis* UCC 1-308 w/o prejudice
Sahar Lewis, Beneficial Equitable Title Holder, in propria persona

/s/ Pluyd Coleman *By: [signature]* UCC 1-708 w/. prej
Pluyd Coleman, Beneficial Equitable Title Holder, in propria persona

Sahar Lewis and Pluyd Coleman,
Beneficial Equitable Title Holders, in propria persona,
Plaintiffs,

v.

PNC Bank, N.A.  Defendant.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

Case No.: 2:25-cv-00791-ART-DJA

## NOTICE OF LODGING OF [PROPOSED] ORDER

(Relating to Plaintiffs' Motion to Reconsider Dispositive Order)

TO THE COURT, THE CLERK, AND ALL PARTIES:

PLEASE TAKE NOTICE that Plaintiffs Sahar Lewis and Pluyd Coleman, appearing in propria persona, hereby lodge the attached [Proposed] Order in connection with their Motion to Reconsider Dispositive Order, filed concurrently.

The [Proposed] Order provides for reconsideration of the Court's August 26, 2025 Order (ECF No. ___) denying Plaintiffs' Verified Demand in Equity and Ex Parte Motion for Injunctive Relief, and includes findings consistent with Federal Rule of Civil Procedure 52(a)(2).

**Respectfully submitted.**
**Dated: September 4, 2025**

/s/ Sahar Lewis
Sahar Lewis, in propria persona
Beneficial Equitable Title Holder

/s/ Pluyd Coleman
Pluyd Coleman, in propria persona.
Beneficial Equitable Title Holder

**SAHAR LEWIS and PLUYD COLEMAN,**
Beneficial Equitable Title Holders, in propria persona,
Plaintiffs,

v.

**PNC BANK, N.A.,**
Defendant.

## UNITED STATES DISTRICT COURT DISTRICT OF NEVADA

Case No.: 2:25-cv-00791-ART-DJA

## [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO RECONSIDER

Upon consideration of Plaintiffs' Motion to Reconsider the Court's August 26, 2025 Order (ECF Nos. 60, 65), and good cause appearing:

IT IS HEREBY ORDERED that Plaintiffs' Motion to Reconsider is GRANTED.

IT IS FURTHER ORDERED that the Court's August 26, 2025 Order denying Plaintiffs' Verified Demand in Equity and Ex Parte Motion for Injunctive Relief is VACATED.

IT IS FURTHER ORDERED that:

1. The Court shall issue findings of fact and conclusions of law addressing Plaintiffs' claims of fraud upon the court, securitization, perfection of lien, and irreparable harm as required by Fed. R. Civ. P. 52(a)(2);

2. Pending further order, enforcement of the May 9, 2025 foreclosure sale is STAYED, and Defendants are enjoined from removing, disposing, or interfering with Plaintiffs' personal property at 3139 Belvedere Dr., Henderson, Nevada;

3. This matter is set for an evidentiary hearing on _____, 2025 at _____ a:m./p.m. in Courtroom ____, to address fraud, securitization, and standing.

**Fallback Provision:**
Should the Court decline to grant injunctive relief or to vacate the foreclosure sale at this time, the Court is nevertheless ORDERED to issue written findings of fact and conclusions of law sufficient to permit appellate review, as mandated by Rule 52(a)(2).

IT IS SO ORDERED.    DATED: _____, 2025

ANNE R. TRAUM
United States District Judge

**SAHAR LEWIS and PLUYD COLEMAN,**
Beneficial Equitable Title Holders, in propria persona,
Plaintiffs,

v.

**PNC BANK, N.A.,**
Defendant.

## UNITED STATES DISTRICT COURT DISTRICT OF NEVADA

Case No.: 2:25-cv-00791-ART-DJA

# PLAINTIFFS' REPLY TO DEFENDANT PNC BANK'S RESPONSE TO MOTIONS [ECF 69, 70, 71]

## I. INTRODUCTION

Defendant PNC Bank's Response [ECF 69] relies on procedural smokescreens and conclusory denials while failing to address the core issue: **PNC lacked standing to foreclose and committed fraud upon the court by asserting a "perfect chain of title" that does not exist.**

Fraud vitiates everything. No amount of procedural posturing can cure a void foreclosure sale.

## II. REBUTTAL TO PNC'S ARGUMENTS

### 1. Standing & Representation
PNC mischaracterizes Plaintiffs as attempting to represent the Coleman Family Revocable Living Trust. Not so. Plaintiffs appear in propria persona as **injured Beneficial Equitable Title Holders**, directly protecting their equitable interests in the property. Nevada law requires that the **real parties in interest** be heard. *Edelstein v. Bank of N.Y. Mellon*, 128 Nev. 505 (2012).

### 2. Ex Parte Filing
PNC claims ex parte relief was improper. Yet emergency filings are permitted where irreparable harm is imminent. Plaintiffs faced the scheduled destruction of their belongings on August 30, 2025. Emergency circumstances justified expedited consideration under NRCP 65 and federal equitable principles.

**3. Tender of Payment**

PNC argues Plaintiffs never tendered the full loan balance. This is false. Plaintiffs lawfully tendered under UCC 3-603, which discharges the obligation when dishonored. PNC's refusal of tender extinguished the enforceable debt. Tender is not limited to fiat cash; lawful negotiable instruments are valid discharge.

**4. Securitization & Chain of Title**

PNC asserts Plaintiffs lack standing to challenge securitization. But PNC itself affirmatively asserted to this Court that it had a "perfect chain of title." That representation was false. The loan was securitized into the Freddie Mac Series 5211 Trust, extinguishing enforcement rights under NRS 100.220 and UCC 9-203. Fraud upon the court is not a matter of "borrower standing" — it is a matter of judicial integrity.

**5. PNC "No Longer Owner" Defense**

PNC argues it cannot restore possession because it no longer owns the property. But a sale conducted without standing is **void ab initio**. A void sale conveys no rights to any buyer, including Neighbor to Neighbor Homes LLC. See *In re Montierth*, 131 Nev. Adv. Op. 55 (2015). PNC cannot escape liability by pointing to a downstream transfer of void title.

---

## III. FRAUD UPON THE COURT

PNC's filings affirmatively represented to this Court that it possessed a "perfect chain of title." This was knowingly false. Concealment of securitization into Freddie Mac Series 5211 constitutes fraud upon the court. *Universal Oil Prods. Co. v. Root Refining Co.*, 328 U.S. 575 (1946). Fraud upon the court strikes at the integrity of the judicial process and vitiates all proceedings.

---

## IV. EQUITY REQUIRES RELIEF

Equity abhors a forfeiture. Where foreclosure was conducted without standing, with dishonored tender, and with false assertions of title, the Court cannot permit dispossession to proceed. The harm is irreparable.

---

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court:

1. Reject PNC's Response;
2. Grant Plaintiffs' motions for emergency injunctive relief and to show cause;

3. Void the May 9, 2025 foreclosure sale as conducted without standing; and

4. Restore possession to Plaintiffs as Beneficial Equitable Title Holders.

Respectfully submitted,

Dated: September 5, 2025

/s/ Sahar Lewis          By: ~~Sahar~Amanda: Lewis~~ UCC1-308 w/o prejudice

Sahar Lewis, in propria persona

/s/ Pluyd Coleman        ~~Pl~~ UCC 1-308 here

Pluyd Coleman, in propria persona

**UNITED STATES DISTRICT COURT   DISTRICT OF NEVADA**

**SAHAR LEWIS and PLUYD COLEMAN,**
Beneficial Equitable Title Holders, in propria persona,
Plaintiffs,

v.

**PNC BANK, N.A.,**
Defendant.

Case No.: 2:25-cv-00791-ART-DJA

---

# NOTICE OF LODGING OF [PROPOSED] ORDER

TO: THE COURT, DEFENDANT, AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Plaintiffs Sahar Lewis and Pluyd Coleman, proceeding in propria persona, hereby lodge the attached **[Proposed] Order** in connection with their pending motions [ECF 69, 70, 71] and Reply filed contemporaneously herewith.

The proposed order provides, among other relief, that:

1. Defendant's objections are overruled;
2. The May 9, 2025 foreclosure sale and resulting Trustee's Deed are declared void ab initio;
3. Possession and title are restored to Plaintiffs;
4. Defendant PNC Bank, N.A., and its agents are permanently enjoined from acting under void foreclosure instruments; and
5. Plaintiffs' claims for damages are preserved for later proceedings.

Respectfully submitted,
Dated: September 5, 2025

/s/ Sahar Lewis
Sahar Lewis, in propria persona
Beneficial Equitable Title Holder

/s/ Pluyd Coleman
Pluyd Coleman, in propria persona
Beneficial Equitable Title Holder

## UNITED STATES DISTRICT COURT   DISTRICT OF NEVADA

**SAHAR LEWIS and PLUYD COLEMAN,**
Beneficial Equitable Title Holders, in propria persona,
Plaintiffs,

v.

**PNC BANK, N.A.,**
Defendant.

Case No.: 2:25-cv-00791-ART-DJA

# [PROPOSED] ORDER

Having reviewed Plaintiffs' motions [ECF 69, 70, 71], Defendant's Response, and Plaintiffs' Reply, and good cause appearing,

IT IS HEREBY ORDERED that:

1.  Defendant PNC Bank, N.A.'s objections are OVERRULED.

2.  The non-judicial foreclosure sale conducted on May 9, 2025 is declared VOID ab initio.

3.  The Trustee's Deed issued pursuant to that sale is declared VOID.

4.  Possession and title to 3139 Belvedere Dr., Henderson, Nevada 89014 are RESTORED to Plaintiffs, as Beneficial Equitable Title Holders.

5.  Defendant PNC Bank, N.A., and all persons acting with it, are PERMANENTLY ENJOINED from enforcing, trespassing, or otherwise acting under void foreclosure instruments.

6.  Plaintiffs' claims for damages remain preserved for further proceedings.

DATED: _____, 2025

_____

UNITED STATES DISTRICT JUDGE